FILED

2015 JUN 25 PM 1:32

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,

      Case No.:

    Plaintiff,

v.

**CLASS REPRESENTATION
INJUNCTIVE RELIEF SOUGHT
JURY TRIAL DEMANDED**

LTD FINANCIAL SERVICES, L.P.,
a Texas Corporation,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, LIZNELIA BAEZ, by and through her undersigned attorneys, files this action against the Defendant, LTD FINANCIAL SERVICES, L.P. ("LTD"), and alleges:

**I. INTRODUCTION**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. If a creditor fails to file suit to collect a debt within the applicable statute of limitations period, then the creditor has no right or ability to take legal action to collect on the debt. However, in Florida, the right to file suit can be "revived" if the consumer later recognizes that debt by making even a modest payment. See Cadle Co. v. McCartha, 920 So. 2d 144 (Fla. 5th DCA 2006) (holding that statute of limitations is tolled through date of final partial payment). The FTC's position on the issue is that when collecting on a time-barred debt, to avoid creating a misleading impression, the collector must inform the consumer that "(1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive collector's ability to sue to collect the balance." Here, Defendant LTD attempts to lure

1

unsuspecting consumers into making modest payments on time-barred debts so that its legal rights can be revived.

3. This action arises out of the illegal manner in which LTD, a debt collector who purchases time-barred debts, attempts to collect time-barred debts without disclosing important information. Specifically, LTD fails to disclose to consumers that providing a partial payment of a time-barred debt could revive the collector's ability to take legal action to collect the balance.

4. LTD cannot be permitted to mislead individuals into a settlement of a claim which it cannot bring without violating the FDCPA. Because most consumers do not know or understand their legal rights with respect to the collection of time-barred debts, LTD's misleading debt collection letters that offer various repayment plans violate the FDCPA's consumer protections.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the Plaintiff's action occurred in this State and this district, where the Plaintiff resides in this State and this district, and where the Defendant transacts business in this State and this district.

## III. PARTIES

7. Plaintiff, LIZNELIA BAEZ ("Plaintiff" or "Ms. Baez"), is a natural person who resides in Orlando, Florida. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant LTD, is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and has a principal address of 7322 Southwest Freeway Suite 1600, Houston, Texas. LTD's correspondence to Plaintiff and the Class expressly state: "This letter is from LTD Financial Services, L.P., a debt collector."

IV. FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a "consumer debt" to Citibank (South Dakota), N.A., as that term is defined under 15 U.S.C. § 1692a(5).

10. Plaintiff's debt was allegedly delinquent, in default, or considered to be in default, at the time LTD was assigned to collect the debt.

11. On or about March 3, 2015, LTD sent Plaintiff a Collection Letter (hereinafter referred to as the "Collection Letter") attached as Exhibit "A," which seeks to collect a consumer debt incurred for personal, family or household use. Exhibit "A" appears to be a "form" Collection Letter, generated by a computer and routinely sent to many individuals. Plaintiff received the Collection Letter shortly after it was mailed.

12. At the time LTD sent Plaintiff the Collection Letter, the lender's legal remedy for collecting on Plaintiff's had already expired. Simply stated, Plaintiff's debt had become "time-barred," since the statute of limitations period had already expired at the time it sent the Collection Letter.

13. Despite this fact, LTD still attempted to collect Plaintiff's time-barred debt through issuance of the Collection Letter. Upon information and belief, LTD purchased Plaintiff's time-barred debt for pennies on the dollar, and to LTD, any payment by Plaintiff would provide an immediate return on its investment.

14. The Collection Letter states, in pertinent part:

## SETTLEMENT IN FULL OFFER

This letter is from LTD Financial Services, L.P., a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Acceptance of this settlement offer, selecting a repayment option and payment by the due date will satisfy this debt with the current creditor.

Payment Plan 1 – Make 1 payment of $358.97 due 03/31/2015 (You Save: $1,435.90)

Payment Plan 2 – Make 6 payments of $89.75 with the first payment due 03/31/2015. Successive payments are due the 31st of each month (You Save: $1,256.37)

Payment Plan 3 – Make 12 payments of $59.83 with the first payment due 03/31/2015. Successive payments are due the 31st of each month (You Save: $1,076.91)

The law limits how long you can be sued on a debt. Because of the age of this account, you will not be sued for the debt. If you need information, please call today at 1-866-998-2500. We are not obligated to renew this offer.

Exhibit A (emphasis in original).

15. Upon information and belief, LTD purchased Plaintiff's and Class members' time-barred debts for pennies on the dollar.

16. In Florida, the right to file suit can be "revived" if the consumer later recognizes the debt by making a partial payment on the debt. See Cadle Co. v. McCartha, 920 So. 2d 144 (Fla. 5th DCA 2006) (holding that statute of limitations is tolled through date of final partial payment).

17. Although it is not improper for a debt collector to seek re-payment of time-barred debts, the debt collector must take caution with the language it uses in its communications that seek to collect such debts. The FTC requires debt collectors, including debt buyers, to make disclosures to prevent deception in collecting on time-barred debts.

18. Here, LTD knows that Plaintiff's debt is time-barred because it includes language in its Collection Letter referencing the age of the debt and stating that "you will not be sued for the debt." However, it goes on to offer alternative payment plans that may legally affect the nature of the time-barred debt. Specifically, the Collection Letter fails to disclose the fact that paying even a small amount on a time-barred debt could "revive" the debt and allow LTD to file suit for the entire balance.

19. In order to avoid creating a misleading impression as to the consequences of making a partial payment on a time-barred debt, the FTC takes the position that in addition to disclosing that the debtor cannot be sued on the debt, debt buyers and debt collectors must disclose to the consumer that providing a partial payment would revive the collector's ability to pursue legal action to collect the entire balance. This is especially true when a consumer makes only one or a few partial payments, thereby giving LTD or its assignees (debts like these are frequently bought and sold) the ability to revive the debt and sue on the balance.

20. Because LTD's Collection Letter fails to disclose the potential for revival of the debt, it is misleading, unfair, and deceptive, in violation of the FDCPA.

21. Plaintiff has retained the undersigned counsel and is obligated to pay reasonable attorney's fees for services rendered.

## V. CLASS ACTION ALLEGATIONS

22. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), Plaintiff brings this action for herself and on behalf of all other persons similarly situated.

23. The Class is defined as:

> All consumers in the state of Florida who were sent a Collection Letter from LTD substantially similar or materially identical to the Letter delivered to Plaintiff (Exhibit A), within the applicable limitations period.

5

24. The Class Period for purposes of this Complaint is one year prior to the filing of this Complaint, through the date notice of class certification is issued to the Class.

25. Plaintiff is unable to state the exact number of members of the Plaintiff Class because that information is solely in the possession of Defendant LTD. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of LTD's business records. Upon information and belief, Plaintiff believes that the putative class exceeds several hundred consumers and is therefore so numerous that joinder of all members would be impracticable.

26. Questions of law and fact common to the Plaintiff Class exists and predominates over questions affecting only individual members, including, *inter alia*, the following:

(a) Whether LTD violated 15 U.S.C. §§ 1692e and e(10) by sending Collection Letters which fail to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance of an otherwise time-barred debt; and

(b) Whether LTD violated 15 U.S.C. § 1692f by sending Collection Letters which fail to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance of an otherwise time-barred debt;

27. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class as defined above because, upon information and belief, LTD use form collection letters that are routinely sent to consumers with time-barred debts. The claims of the Plaintiff and of the Plaintiff Class originate from the same conduct, practice, and procedure, on the part of LTD. Plaintiff possesses the same interests and has suffered the same

6

injuries as each Class member. There are no individual facts which distinguish the Plaintiff from other Class members that received debt collection Letters for time-barred debts from LTD.

28. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because she has no interest antagonistic to the class she seeks to represent, and because the adjudication of her claims will necessarily decide the identical issues for other class members. Whether LTD's debt collection letter sent to Plaintiff violates the FDCPA is an issue that will be decided for all other consumers with identical letters. There is nothing peculiar about the Plaintiff's situation that would make her inadequate as a class representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

29. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the debt collection letters used by LTD violate the FDCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by LTD and class actions are commonly used in such circumstances.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. § 1692e and 1692f)

30. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein.

31. This is an action seeking class-wide relief for violations of the FDCPA.

32. The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

33. At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692a(3), since they are natural persons allegedly obligated to pay a consumer debt.

34. At all material times herein, Plaintiff's debt and the debts of the Class members were "debts" as defined by § 1692a(5).

35. At all material times herein, LTD was a "debt collector" as defined by § 1692a(6). LTD's correspondence to Plaintiff and the Class expressly state: "This letter is from LTD Financial Services, L.P., a debt collector."

36. LTD sent Plaintiff and all Class members a similar, if not identical Collection Letter.

37. For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

38. FDCPA section 1692e states in pertinent part:

8

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(2) The false representation of –
   (A) the character, amount, or legal status of any debt

...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e, e(2)(A) and e(10).

39. FDCPA section 1692f states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

40. In relevant part, the Collection Letter at issue states:

SETTLEMENT IN FULL OFFER

This letter is from LTD Financial Services, L.P., a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Acceptance of this settlement offer, selecting a repayment option and payment by the due date will satisfy this debt with the current creditor.

Payment Plan 1 – Make 1 payment of $358.97 due 03/31/2015 (You Save: $1,435.90)

Payment Plan 2 – Make 6 payments of $89.75 with the first payment due 03/31/2015. Successive payments are due the 31st of each month (You Save: $1,256.37)

Payment Plan 3 – Make 12 payments of $59.83 with the first payment due 03/31/2015. Successive payments are due the 31st of each month (You Save: $1,076.91)

The law limits how long you can be sued on a debt. Because of the age of this account, you will not be sued for the debt. If you need information, please call today at 1-866-998-2500. We are not obligated to renew this offer.

Exhibit A (emphasis in original).

41. LTD relies on its Collection Letters to mislead and confuse consumers into paying amounts (whether lawful or unlawful) on time-barred debts.

42. Although it may not be automatically improper for LTD to seek re-payment of Plaintiff's and other Class members' time-barred debts, LTD is required to exercise caution when doing so. In order to avoid creating a misleading impression as to the consequences of making a partial payment on a time-barred debt, the FTC requires that debt buyers and debt collectors adequately disclose that providing a partial payment could revive the collector's ability to pursue legal action to collect the balance.

43. Because LTD's Collection Letters offer two alternative partial payment plans, LTD has created a misleading impression by failing to disclose clearly and prominently the effect of paying on a time-barred debt and that making a payment on the time-barred debt could revive the debt.

44. By failing to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance, LTD has violated 15 U.S.C. § 1692e, which prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, LTD's Collection Letter violates 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

46. Moreover, LTD's Collection Letter uses unfair or unconscionable means to collect or attempt to collect any debt in violation of section 1692f, in that it fails to disclose the adverse effects of making partial payment toward the time-barred debt.

47. As a direct and proximate result of LTD's violations, Plaintiff and Class members have been harmed. Plaintiff and Class members are entitled to actual and statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

48. Plaintiff has retained the undersigned attorneys for the purposes of pursuing this matter against LTD and is obligated to pay her attorneys a reasonable fee for services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

b. Adjudging that LTD violated the FDCPA sections enumerated above, and awarding Plaintiff and Class members actual damages and statutory damages (in the amount of $1,000.00 per class member) pursuant to 15 U.S.C. § 1692k;

c. Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

d. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

DATED: June 22, 2015.                    VARNELL & WARWICK, P.A.

                                      By: /s/ Steven T. Simmons, Jr.
                                          STEVEN T. SIMMONS, JR., FBN: 0091654
                                          *ssimmons@varnellandwarwick.com (Primary)*
                                          BRIAN W. WARWICK, FBN: 0605573
                                          *bwarwick@varnellandwarwick.com (Primary)*
                                          *marnst@varnellandwarwick.com (Secondary)*
                                          JANET R. VARNELL, FBN: 0071072
                                          *jvarnell@varnellandwarwick.com (Primary)*
                                          *ccarter@varnellandwarwick.com (Secondary)*
                                          P.O. Box 1870
                                          Lady Lake, FL 32158
                                          Telephone: (352) 753-8600
                                          Facsimile: (352) 504-3301

                                          **MICHAEL TIERNEY, P.A.**
                                          Michael Tierney, FBN: 643475
                                          *Michael@tierneylaw.us (Primary)*
                                          918 Beard Avenue
                                          Winter Park, Florida 32789-1806
                                          Telephone: (407) 740-0074

                                          *Attorneys for Plaintiff*