**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,

          Case No.: 6:15-cv-1043-Orl-40TBS

        Plaintiff,

v.

LTD FINANCIAL SERVICES, L.P.,
a Texas Corporation,

        Defendant.
_____/

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND
INCORPORATED MEMORANDUM OF LAW**

**I.   INTRODUCTION**

Liznelia Baez ("Plaintiff") seeks certification of this class action on behalf of herself and all others similarly situated, to secure redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff moves the Court for an Order certifying the Class and Sub-Class of Florida residents as set forth herein.

    **A.   NATURE OF THE CLAIM**

This case challenges LTD Financial Services, L.P. ("LTD")'s illegal efforts to collect money on debts which are time barred or beyond the statute of limitations without disclosing important information and, thereby, misleading consumers. Specifically, LTD sends what it refers to as "Settlement Offer Letters" to "out of statute" consumers and fails to disclose that providing a partial payment of a time-barred debt could revive the collector's ability to take legal action to collect the balance.

If a creditor fails to file suit to collect a debt within the applicable statute of limitations period, then the creditor has no right or ability to take legal action to collect on the debt. However, in Florida, the right to file suit can be "revived" if the consumer later recognizes that debt by making even a modest payment. *See Cadle Co. v. McCartha*, 920 So. 2d 144 (Fla. 5th DCA 2006) (holding that statute of limitations is tolled through date of final partial payment). Consumer advocates and courts refer to stale debt that has been revived as Zombie Debt.

The Federal Trade Commission issues reports on Zombie Debt collection abuses and dictates that the Fair Debt Collection Practices Act ("FDCPA") requires debt collectors who are collecting time barred debt to inform consumers that "(1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive collector's ability to sue to collect the balance." The Settlement Offer Letter here did not contain this critical information and Plaintiff contends that the sending of the letter violated the FDCPA.

If a class is certified in this case, the Court would then later determine whether LTD did, in fact, violate the FDCPA by reviewing the letter and ruling on the issue of whether the "least sophisticated consumer" would be misled or deceived by letter. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010)("We employ the "least-sophisticated consumer" standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA.")

**B.     PROPOSED CLASS DEFINITIONS**

The **Class** should be defined as:

> All persons in the state of Florida who were sent a collection letter from LTD containing an out of statute statement substantially similar to the Settlement Offer Letter attached to the Complaint as Exhibit A.

The evidence demonstrated that many Class members paid money to Defendant in response to these communications. Those individuals comprise an **Actual Damages Sub-Class** which should be defined as:

> Any member of the Class who paid money to Defendant after Defendant sent a Settlement Offer Letter with an out-of-statute statement.

### C.  FDCPA LETTER CLASS ACTIONS ARE ROUTINELY CERTIFIED

Congress expressly recognized the importance of class actions to protect consumers under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§ 1692k(a) and (b) for FDCPA class action cases. Pursuant to the directive of Congress, the district courts of the Eleventh Circuit have certified a number of FDCPA class actions. *See*, *e.g.*, *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644 (M.D. Fla. 2015) *reconsideration denied sub nom. Roundtree v. Ross*, No. 8:14-CV-357-T-27AEP, 2015 WL 1931103 (M.D. Fla. Apr. 28, 2015); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692 (S.D. Fla. 2002); *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700 (M.D. Fla. 2000); *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla.1999); *Stewart v. Slaughter*, 165 F.R.D. 696, 700 (M.D. Ga.1996). "In cases seeking relief for conduct involving form collection letters alleged to violate the FDCPA ..., certification of a class action is not unusual." *Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, No. 8:08-CV-493-T-26TGW, 2008 WL 3850657, at *2 (M.D. Fla. Aug. 14, 2008).

In fact, few consumer cases are more readily certifiable than class actions involving standard form debt collection letters.[1] This is because "the Court need not determine whether the

---

[1] *West v. Costen*, 558 F.Supp. 564, 572-573 (W.D.Va. 1983) (class certified regarding alleged failure to provide required "validation" notices); *Cheqnet Systems, Inc. v. Montgomery*, 911 S.W.2d 956 (Ark. 1995); *Labbate-D'Alauro v. GC Services Ltd, Partnership*, 1996 WL 563376 (E.D.N.Y. 1996); *Stewart v. Slaughter*, 165 F.R.D. 696 (M.D.Ga. 1996); *Villareal v. Snow*, 1996 WL 28254 (N.D.ILL.1996); *Holloway v, Pekay*, 1995 WL 16925 (N.D.ILL. 1995); *Can v. Trans*

named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the "least sophisticated consumer" would have been misled." *Swanson v. Mid Am, Inc.*, 186 F.R.D. at 668 (M.D. Fla. 1999)(citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir.1985); *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 698-99 (M.D. Fla. 2000)(FDCPA claims certified where Defendants sent collection letters to class members: (1) failing to state the amount of the debt; (2) contradicting and overshadowing the validation notice; (3) falsely representing a remedy available to the creditor, and (4) using false representation or deceptive means in an attempt to collect the debt.); *Rivera v. Amalgamated Debt Collection Servs., Inc.*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006)(class certification granted in class action against debt collector under FDCPA and other state statutes relating to two standard form letters that debt collector sent to consumer plaintiff.)

## II. THE PROPOSED CLASS SATISFIES THE REQUIREMENTS FOR CLASS CERTIFICATION

### A. LEGAL STANDARD FOR CLASS CERTIFICATION AND CLASS DEFINITIONS

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432

---

*Union Corp.*, 1995 WL 20865 (E.D.Pa. 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); *Colbert v. Trans Union Corp.*, 1995 WL 20821 (E.D.Pa. 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); *Gammon v. GC Services*, 162 F.R.D. 313 (N.D.ILL. 1995); *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D.Ill. 1988); *Vaughn v. CSC Credit Services, Inc.*, 1994 WL 449247 (N.D.Ill, 1994), *adopted*, 1995 WL 51402 (N.D.Ill, 1995) (FDCPA class certified regarding alleged failure to provide sufficient "validation" notices); *Avila v. Van Ru*, 1995 WL 41425 (N.D.ILL.1995); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D.ILL. 1993) (FDCPA class certified regarding transmission of misleading collection demands to consumers), earlier opinion, 833 F.Supp. 697 (N.D.Il.1993); *Beasley v. Blatt*, 1994 WL 362185 (N.D.ILL. 1994); *Duran v. Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D.Ariz. 1982).

(2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). The Court has considerable discretion when deciding whether to certify a class action. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013) (because class certification involves "intensely practical considerations," decision rests within discretion of trial court). But when exercising this discretion, district courts must conduct a "rigorous analysis" and decide whether the putative class satisfies the requirements of Rule 23. *Comcast*, 133 S. Ct. at 1432; *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

The elements of the class certification standard are (1) numerosity, (2) commonality, (3) typicality, and (4) adequate representation, plus one of the requirements of Rule 23(b)(1) through (3). *See* Fed. R. Civ. P. 23. Plaintiff seeks certification under Rule 23(b)(3) which also requires plaintiff to demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). The substantive allegations of the complaint should generally be taken as true. *In re Carbon Dioxide Antitrust Lit.*, 149 F.R.D. 229, 232 (M.D. Fla. 1993).

### B.   RULE 23(a) IS SATISFIED

All requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied by the proposed Classes.

#### 1.   Numerosity

The Classes are so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1). The focus of this inquiry "is not whether the number of proposed class members is 'too few' to satisfy the Rule, but 'whether joinder of proposed class members is impractical.'" *Sharf*

*v. Financial Asset Resolution, LLC*, 295 F.R.D. 664, 669 (S.D. Fla. January 16, 2014) (quoting *Armstead v. Pingree*, 629 F.Supp. 273, 279 (M.D. Fla. 1986)). The Rule does not establish a precise numerical threshold, but parties seeking class certification "must make reasonable estimates that the class to be certified will satisfy the numerosity requirement." *Williams v. Wells Fargo Bank, Nat'l Ass'n*, 280 F.R.D. 665, 672 (S.D. Fla. 2012). The court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry,* 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination...Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22A.

In this case, it is not anticipated that Defendants will contest numerosity. Regardless, the size of the proposed Class easily satisfies the numerosity requirement as it exceeds 34,000 persons. LTD refers to the letters at issue here and attached as Exhibit A to the Complaint as "Settlement Offer Letters" and refers to the statement within these letters at issue here as "out of statute" statements. (Ex. 1, LTD Corp. Rep. Glaus Depo., pp. 27-28). They are form letters which contain variable fields such as the name and address as well as the original creditor, but which uniformly contain the challenged paragraph which acknowledges that the debt is time-barred for purposes of filing suit, but which fails to disclose the impact of making a partial payment. (Ex. 1, LTD Corp. Rep. Glaus Depo., p. 8). LTD can also identify through a search query the name and address of every person in the State of Florida to whom the letter was sent. (Ex. 1, LTD Corp. Rep. Glaus Depo., p. 6; Ex. 2, LTD Corp. Rep. John Depo., p. 29) LTD

estimates that the number of Settlement Offer Letters that contained an "out of statute" statement which it sent to persons with Florida addresses during the applicable statute of limitations for this case is roughly 34,000. (Ex. 1, LTD Corporate Rep Glaus Depo., pp. 18-19).

The Subclass of individuals who paid money after receiving the letters is also readily identifiable from Defendant's records. Defendant's corporate representative testified that approximately 100 individuals made partial payments to Defendant after receiving a Settlement Offer Letter. (Ex. 1, LTD Corp. Rep. Glaus Depo., p. 30). This amount did not include those individuals who paid their accounts in full after receiving the challenged communication. (Ex. 1, LTD Corp. Rep. Glaus Depo., p. 30). Therefore, the numerosity element of Rule 23 is satisfied for all Classes and the Subclass.

### 2. Commonality

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires "questions of law or fact common to the class." "This part of the rule does not require that all the questions of law and fact raised by the dispute be common or that the common questions of law or fact predominate over individual issues." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009) (internal quotations and citation omitted). Rather, commonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009). For purposes of Rule 23(a)(2), even a single common question of law *or* fact will do. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Here, there are questions of fact or law common to the class, which predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(a)(2), Fed. R. Civ. P. 23(a)(3). These common questions include, but are not limited to:

> (a) Whether LTD violated 15 U.S.C. §§ 1692e and e(10) by sending Collection Letters which fail to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance of an otherwise time-barred debt; and
>
> (b) Whether LTD violated 15 U.S.C. § 1692f by sending Collection Letters which fail to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance of an otherwise time-barred debt.

Each of these common questions will lead to answers common to the Class, advancing the litigation for all Class members "in one stroke." See *Dukes*, 131 S.Ct. at 2551. Commonality in FDCPA claims involving form letters is easily established. To establish commonality, Plaintiff needs to merely allege that all class members received substantially similar letters. *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D.Fla. 1999) ("To establish commonality, it is sufficient that plaintiff allege that all class members received the same collection letter.")

This is exactly what she has alleged. "The very definition of this class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. §1692g." *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 49 (D. Conn. 2000). The collection activities of the Defendant -- like those of any debt collection firm-- are systematized. The collectors must necessarily act indiscriminately in the treatment of consumers from whom they attempt to collect debts by means of standard collection documents. Each class member received a Settlement Offer Letter with the same offending "out of statute" statement and which did not include an explanation of what impact a partial payment would have with regard to reviving the

8

legal collectability and statute of limitations on the debt. Therefore, the entire Class and Sub-Class were subject to this common course of conduct and commonality is established.

### 3. Typicality

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that "the claims or defense of the representative parties [be] typical of the claims or defenses of the class." "Typicality … does not require identical claims or defenses." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Rather, typicality "is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Id.* Moreover, "[d]ifferences in the amount of damages between the class representative and other class members does not affect typicality." *Id.*

At the time LTD sent Plaintiff the challenged letter, Plaintiff's debt was "time-barred," since the statute of limitations period had expired. [Doc. 1, Complaint ¶12].

LTD does not ever file suit against debtors, but rather, its' corporate policy and practice is to uses these form Settlement Offer Letters for "out of statute" debts which state that the debtor will not be sued . (Ex. 2, LTD Corp Rep John Depo., p. 14; and Ex. 1, Glaus Depo., pp. 11, 14-16). LTD's Settlement Offer Letters do not disclose to the consumer that making a partial payment will revive the debt. This fact is evidenced by an examination of the letter sent to Plaintiff and the testimony of LTD that the language in that form letter is the same whenever its collection system believes the debt is "out of statute." (Ex. 1, Corp. Rep. Glaus depo., pp. 14-16).

Here, each putative Class member was sent a form letter seeking a payment on a debt that was "out of statute" and which failed to disclose that partial payment would revive the debt and

each is, therefore, the subject of the same legal claims and defenses. *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D.Fla. 1999). Therefore, typicality is satisfied.

### 4. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "[T]his requirement applies to both the named plaintiff and counsel," and "the requirement's purposes is to protect the legal rights of absent class members." *London v. Wal-Mart Stores*, 340 F.3d 1246, 1253 (11th Cir. 2003) (internal quotations omitted). Additionally, this requirement is meant "to uncover conflicts of interest between named parties and the class they seek to represent." *Id.*

Both prongs of the "adequacy" test are met here. First, Plaintiff has retained counsel experienced in class action litigation to prosecute her claims and those of the Class. (Ex. 3, Varnell Declaration). Plaintiff's counsel has been certified to represent classes in state and federal courts throughout the country, including the Middle District of Florida. *Id*. Second, there is no conflict between Plaintiff and the Classes, and Plaintiff shares with the Class the same interest in establishing that LTD's debt collection letter violates the FDCPA. Therefore, Plaintiff will adequately protect the interests of the Classes.

### C. RULE 23(b)(3) IS SATISFIED

An action may be maintained as a class action if the four elements described above are satisfied, and in addition, certain other conditions under Rule 23(b)(3) are met:

> [T]he Court finds that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).

1.      **Predominance**

At its core, the predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997). The Supreme Court recently reiterated: "Rule 23(b)(3) ... does *not* require a plaintiff seeking class certification to prove that each 'elemen[t] of [her] claims [is] susceptible to classwide proof,'" but that "common questions '*predominate* over any questions affecting only individual [class] members.'" *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S.Ct. 1184, 1196 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2552 n.6 (2011)) (emphasis added). Accordingly, Plaintiff must make a "showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Id.* at 1191.

Courts routinely find that cases dealing with the legality of standardized documents are generally appropriate for resolution by class action because the document is the focal point of the analysis. *Halverson v. Convenient Food Mart, Inc., supra; Brooks v. Midas-International Corp.*, 47 Ill.App.3d 266, 361 N.E.2d 815 (1st Dist. 1977) (claim that advertising conveyed meaning that exhaust systems would be replaced free of charge); *Spirek v. State Farm Mut. Auto. Ins. Co.*, 65 Ill.App.3d 440, 382 N.E.2d 111 (1st Dist. 1978) (propriety of insurer's practice in requiring execution of subrogation agreements before paying medical benefits); *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161 (7th Cir. 1974) (propriety of disclosure documents under Truth in Lending Act); *Haroco v. American Nat'l Bk. & Tr. Co.*, 121 F.R.D. 664, 669 (N.D.ILL. 1988) (improper computation of interest on form document); *Kleiner v. First Nat'l Bank of Atlanta*, 97 F.R.D. 683 (N.D. Ga. 1983) (same); *Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669 (N.D. Ill. 1989) (execution of home improvement financing documents in

sequence that evaded consumers' rescission rights). This is true even though the nature and amount of damages may differ among the members of the class. *Id.*

Because of the standardized nature of Defendant's conduct, common questions predominate. Here, Plaintiff has alleged such a common course of conduct by Defendant. All members of the Class, by definition, were subjected to the same practices as they were sent the same letter. In addition, the other elements of the claim such as defendant's status as a debt collector and whether the debts were consumer debts are all answered in a common fashion. LTD is indisputably a "debt collector" and does not maintain that it is a creditor or even that it owns any of the debts it is collecting. (Ex. 2, LTD Corp. Rep. John Depo., pp. 17-18). Likewise, LTD testified that the creditors with whom it contracts tell LTD whether an account is a business or consumer account. (Ex. 2, LTD Corp. Rep. John Depo., pp. 35-36). The Defendant's Corporate Representative testified that it was the Defendant's practice to send form letters to all debts believed to be out of statute. (Ex. 1, LTD Corp Rep. Glaus depo., pp. 14-16). The systematic attempt to collect a debt that is time barred or "out of statute" without disclosing the impact of partial payment is the overarching issue and does not change from one member to the next. The determination of whether the collection activity violates the consumer protection laws is the central predominating issue before the Court. Because the letters at issue are forms, a determination as to whether those communications violate the law will predominate over any individual issues.

Similarly, the defenses asserted present common issues of law and fact. For example, Defendant states that the "FDCPA does not require debt collectors to provide legal advice to consumers." [Doc. 9, p. 5.] This position misconstrues Plaintiff's FDCPA claims, insomuch as the FDCPA precludes Defendant from misleading the "least sophisticated" consumer.

Moreover, this defense would apply equally to all class members, since Defendant's Settlement Offer Letters are substantially similar to the one sent to Plaintiff. Even the primary anticipated defense presents a common question which can be resolved for all class members. *See, e.g. Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 653 (M.D. Fla. 2015) (holding that while some affirmative defenses may create individual issues for some class members, "the common issues of whether [defendant] is subject to the FDCPA and whether its actions violated the FDCPA predominate."). Therefore, predominance is established.

### 2. Superiority

To determine if the superiority requirement of Rule 23(b)(3) is satisfied, the Court must consider the following:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) the desirability or undesirability of concentrating the litigation of claims in the particular forum; and

(D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3); *see also, De Leon–Granados v. Eller & Sons Trees, Inc.,* 497 F.3d 1214, 1220 (11th Cir.2007). Class actions are particularly superior for cases where individual recovery would be small, because class actions "overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Amchem Prods. v. Windsor,* 521 U.S. 591, 617, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (quoting *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (7th Cir.1997)).

The statutory damages amount is limited to $1,000 per person and, any actual damages are logically going to be small in size given that the claim is for a violation of the language in the communication versus a factual circumstance such as a debt collector making hundreds of harassing phone calls that might warrant substantial emotional distress damages. By its very nature, the amount of actual damages here could not exceed the amount of the small consumer debt being collected upon. This relatively modest recovery for statutory violation is not a huge incentive to bringing individual actions.

Perhaps more importantly, the FDCPA also limits statutory damages in class actions to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). Here, the amount of statutory damages is large enough so as to call the $500,000 cap into play which will render the recovery per class member smaller, but not so small as to destroy the superiority element. *See Hicks v. Client Services, Inc.*, 257 F.R.D. 699, 700 (S.D.Fla.,2009)(De minimus recovery of $1.24 did not destroy superiority).

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545 (N.D.ILL.1972). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes, supra*, 143 F.R.D. at 189; *Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D. Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the " ... inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc., supra.*

In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to Defendants' practice. *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397 (D.N.J. 1990). Class actions are a more efficient and consistent means of trying the legality of a form letter. *Labbate-D'Alauro v. GC Services Ltd. Partnership*, 1996 WL 563376 (E.D.N.Y. 1996); *Villareal v. Snow*, 1996 WL 28254 (N.D.Ill.1996); *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313 (N.D.ILL. 1995). As some Courts have explained, FDCPA class actions are not only certifiable, but are needed:

> We do not assume that class members understand the provisions [of the FDCPA] well enough to know that it may be financially worthwhile to spend the time and effort to litigate these matters. Also, the number of potential class members makes concentration of these claims desirable. We also note that decertifying this class would (theoretically) create a perverse incentive for debt collectors using unfair practices to use them as widely as possible, in order to prevent a class action from being certified.

*Hicks v. Client Services, Inc.*, 257 F.R.D. 699, 700 (S.D.Fla. 2009). Another court has also noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, "typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated." 7B Wright et al., § 1778, at 59; see, e.g., *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) ("Class actions ... may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.''). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D.Pa. 1994).

Similarly, this case, brought by a consumer debtor involves relatively small amounts but requires an enormous financial burden to pursue making the case completely uneconomical to pursue unless class certification is granted. Moreover, such a certification permits individual claimants to opt-out and pursue their own actions separately if they believe they can recover more in an individual suit. Therefore, superiority is established.

### III. CONCLUSION

Therefore, Plaintiff respectfully prays that the Court certify the Class and Sub-Class set forth above, appoint her as representative and her attorneys as class counsel.

DATED: November 20, 2015

**VARNELL & WARWICK, P.A.**

/s/ Janet R. Varnell
JANET R. VARNELL, FBN: 0071072
BRIAN W. WARWICK, FBN: 0605573
STEVEN T. SIMMONS, JR., FBN: 0091654
P.O. Box 1870
Lady Lake, Florida 32158
Telephone: (325) 753-8600
Facsimile: (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
ssimmons@varnellandwarwick.com
kstroly@varnellandwarwick.com

**Michael Tierney, P.A.**
Michael Tierney, FBN: 643475
918 Beard Avenue
Winter Park, Florida 32789
Telephone: (407) 740-0074
Michael@tierneylaw.us

Attorneys for Plaintiff and the Class

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

**GOLDEN SCAZ GAGAIN, PLLC**
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
BENJAMIN W. RASLAVICH, ESQ**.**
Florida Bar No.: 0102808
201 North Armenia Avenue Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com

Counsel for Defendant

/s/ Janet R. Varnell
**Janet R. Varnell**