UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIZNELIA BAEZ,

    Plaintiff,

v.                                                                         Case No:   6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,

    Defendant.

## ORDER

Pending before the Court is Defendant's Motion to Strike Plaintiff's Notice of Filing Supplemental Authority and Request for Attorney's Fees (Doc. 26). This putative class action concerns Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Doc. 1). Plaintiff filed a motion for class certification and Defendant filed a response in opposition to the motion (Docs. 21, 24). Then, without leave of Court, Plaintiff filed Plaintiff's Notice of Supplemental Authority in which she directs the Court's attention to McMahon v. LVNV Funding, LLC, No. 15-8018, 2015 WL 8119786 (7th Cir. Dec. 8, 2015). After citing the case, Plaintiff summarized the facts, quoted pertinent language from the opinion, and concluded: "In sum, McMahon supports Plaintiff's motion for class certification. Accordingly, Plaintiff requests the Court take notice of McMahon on grounds that it was entered after the briefing in this case was closed." (Doc. 25 at 3).

Defendant argues that Plaintiff's notice is improper because it provides a summation of the supplemental authority and "argument that the decision 'supports Plaintiff's motion for class certification.'" (Doc. 26 at 5-6). Defendant argues that

"Plaintiff's 'Notice' is more accurately characterized as a memorandum of legal authority that Plaintiff's [sic] filed in contravention of Local Rule 3.01(c),"[1] and "Defendant would be unfairly prejudiced in the event that Plaintiff's iteration of the case law in question was to remain in the Court file."  (Id. at p. 6).   Defendant seeks sanctions under 28 U.S.C. § 1927 on the basis that filing Plaintiff's notice was an unreasonable and vexatious multiplication of the proceedings and an abusive practice by Plaintiff's counsel that created unnecessary costs (Id. at pp. 6-7).   Plaintiff has not filed a response to the motion and the time within to do so has expired.   Plaintiff's failure to file a response creates a presumption that the motion is unopposed.   Thompson v. Comm'r of Soc. Sec., No. 2:14-cv-328-FtM-CM, 2015 WL 8479222, at *1 (M.D. Fla. Dec. 10, 2015).

Federal Rule of Civil Procedure 12(f) empowers a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may strike allegations from a pleading on its own motion or on a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."   FED. R. CIV. P. 12(f).   The purpose of a motion to strike "is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'"   Wiand v. Wells Fargo Bank, N.A., 938 F. Supp. 2d 1238, 1250 (M.D. Fla. 2013) (quoting Slone v. Judd, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009)).   Motions to strike are "often [ ] considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."

---

[1] Rule 3.01(c) states that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave."

- 2 -

Somerset Pharm. Inc. v. Kimball, No. 94-247-Civ-T-17A, 168 F.R.D. 69, 71 (M.D. Fla. July 5, 1996) (quoting Carlson Corp./Se. v. Sch. Bd. of Seminole Cty., Fla., 778 F.Supp. 518, 519 (M.D. Fla. 1991)). Motions to strike are disfavored and are not granted "unless clearly warranted." Brown v. Joiner Int'l, Inc., 523 F. Supp. 333, 336 (S.D. Ga. 1981) (citing OKC Corp. v. Williams, 461 F. Supp. 540 (N.D. Tex. 1978)).

The purpose of a notice of supplemental authority is to inform the Court of recent developments in the law that are germane to an issue the Court is being asked to decide. Plaintiff's notice goes further, and argues that the decision in McMahon supports the relief she is seeking. Still, the short case summary and argument did not warrant a motion to strike that was eight pages long plus exhibits, and it certainly does not warrant sanctions under 28 U.S.C. § 1927. No reasonable person would believe Plaintiff's improper argument will have any meaningful influence on the Court's decision. Both Plaintiff's unauthorized argument and the motion to strike were therefore, wastes of time.

The Court accepts Plaintiff's notice of supplemental authority but will ignore Plaintiff's summation of the authority and argument. This should alleviate Defendant's concerns about unfair prejudice, as well as the technical need to strike the notice. Defendant's motion to strike (Doc. 26) is therefore **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record