UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,**

**Plaintiff,**

Case No.: 6:15-cv-1043-Orl-40TBS

v.

**LTD FINANCIAL SERVICES, L.P.,**
a Texas Corporation,

**Defendant.**

_____/

### PLAINTIFF'S PROPOSAL FOR CLASS NOTICE

Plaintiff, by and through her undersigned attorneys, in response to this Court's May 3, 2016 Order [Doc. 29], proposes the following means of providing and defraying the cost of the notice required by Federal Rule of Civil Procedure 23(c)(2), see M.D. Fla. Local Rule 4.04(b):

**Notice Required by Rule 23(c)(2)**

Rule 23(c)(2) requires that the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" be provided to all class members in any class action maintained under Rule 23(b)(3), Fed. R.Civ.P. The notice provided must inform members of the class of their options in terms of remaining in the class and, if desired, entering an appearance through counsel, or "opting-out" or excluding themselves from the class. Rule 23(c)(2)'s notice requirement is satisfied if the notice is "the best practicable, 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Gross v. Barnett*

*Banks, Inc.,* 934 F. Supp. 1340, 1344 (M.D. Fla. 1995) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314-15, 70 S. Ct. 652, 657-58, 94 L.Ed. 865 (1950).

Plaintiff proposes individual notice be provided to the estimated 34,000 class members via a postcard which will have a clear plain language summary of the long-form notice and which will direct consumers to the supplemental multi-media elements.[1] Those elements include a website, a toll free number as well as a Facebook group. The estimated hard costs of this notice program as set forth in greater detail below are estimated to be $24,094 or $0.709 per class member. (See Affidavit of Jeff Dahl, attached as Ex. A) This proposed Notice Plan is fully compliant with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and meets the notice guidelines established by the Federal Judicial Center's Manual for Complex Litigation, 4th Edition (2004), as well the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010), and is consistent with notice programs approved previously by both State and Federal Courts. Furthermore, it satisfies those requirements without great expense. In contrast, first class mail of a full form class notice would be $36,469 or $1.073 per class member. (See Ex. A)

**Mailed Notice**

All Class Members identified from Defendant's computerized database[2] ("Class List") will be provided a summary notice on a postcard. This Notice should set forth an impartial

---

[1] The language of the actual notice will ultimately depend on the Court's order on class certification. For example, the Court may choose to certify the Class of persons receiving the challenged communications as defined by Plaintiff, may certify the proposed Sub Class of persons who paid money after being sent the "Settlement Offer" and/or may choose to alter the Class as the Court deems appropriate.

[2] Plaintiff's Motion to Certify Class and Incorporated Memorandum of Law sets forth the evidentiary basis for identification of absent class members. [Doc. 21]. The Court would order that the Defendant produce a "Class List" pursuant to the class definition(s) that the Court approves and the Plaintiff to present the proposed notice form at that time.

recital of the subject matter of the suit, inform members that their rights are in litigation, and alert them to take appropriate steps to make certain their individual interests are protected. It should also set forth the right of class members to 'opt out' if they believe their interests are antagonistic to the other class members, or if they wish to proceed by separate suit. Further, it should guide them to resources for more information including the website, a toll free telephone number, a Facebook group, and how to contact Class Counsel.

Prior to mailing, the class administrator will cause the addresses on the Class List to be updated using the National Change of Address database maintained by the U.S. Postal Service. The class administrator will also remove any duplicative records and any incomplete mailing addresses and present that information to Class Counsel for a determination of whether and how those individuals can be given additional notice. Class Counsel in cooperation with the Class Administrator will conduct address searches using credit and other public source databases to attempt to locate new addresses. Any Class Notices returned by the U.S. Postal Service with forwarding addresses will cause the Class Administrator to re-mail the Class Notice to that new address.

This proposal ensures compliance with Rule 23 in that it ensures individual notice to all members who can be identified through reasonable effort, but reduces the cost of mailing substantially by only sending the most pertinent information through the most expensive means. In comparison with sending a lengthy full form notice which would cost as much as 5 times more, the postcard mailing is dramatically less expensive. More importantly, the summary postcard notice is less likely to intimidate or confuse Class Members having more readily and quickly understood pertinent information.

**Website**

A dedicated website (www.LTDClassAction.com) can be established and dedicated to this litigation which will provide additional information to the Class Members and to answer frequently asked questions. Visitors of the website should be able to download a long form class action notice, court documents and other information. The headline will be crafted carefully so it immediately alerts site visitors to why they should read the notice. The website can also include a short video to explain the case, the Class Member's options and the process for opting out.

**Interactive Voice Response Toll-Free Number**

A toll free number will be included on the postcard notice allowing class members to call at no expense to use an Interactive Voice Response system that can provide information about the case, guide class members to the website and Facebook group for additional information and provide contact information of Class Counsel. The toll-free number will also allow class members to request a Long form Notice.

**Facebook Group**

A Facebook Group can be easily established by Class Counsel to provide a forum for Class Members to obtain information and ask questions about the litigation. According to the Facebook website, over 138+ million users in the U.S. spend over 700 billion hours per month on Facebook. Consumers use these sites to share, discuss and widely distribute feedback on companies. The extensive public participation makes these sites an appealing means for enhancing a notice program qualitatively. Although reliable techniques for measuring the reach of a Facebook page are still being developed, it is possible to place a settlement notice in these social media contexts and accurately measure the number of class members who click on the settlement link and to determine how many class members and other interested parties "join" or

"follow" the Group. There is no hard cost associated with establishing the group and Class Counsel can maintain communication with interested Class Members with its current staff.

**The Cost of Notice**

Plaintiff's counsel has sufficient resources and staff to properly ensure Notice in the method and manner proposed above. The Law firm of Varnell and Warwick, P.A. has been appointed lead counsel in a host of consumer class actions and is well versed in both the legal and practical requirements of sending class action notice. While the amount of money at stake for individual Class Members is small, the rights are important and merit the expenditure of resources to vindicate their rights within the dictates of Rule 23.

DATED:  January 7, 2016            **VARNELL & WARWICK, P.A.**

/s/ Janet R. Varnell
JANET R. VARNELL, FBN:  0071072
BRIAN W. WARWICK, FBN:  0605573
STEVEN T. SIMMONS, JR., FBN:  0091654
P.O. Box 1870
Lady Lake, Florida 32158
Telephone: (325) 753-8600
Facsimile:  (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
ssimmons@varnellandwarwick.com
kstroly@varnellandwarwick.com

**Michael Tierney, P.A.**
Michael Tierney, FBN: 643475
918 BeardAvenue
Winter Park, Florida 32789
Telephone:  (407)740-0074
Michael@tierneylaw.us

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

DALE T. GOLDEN, ESQ.
BENJAMIN W. RASLAVICH, ESQ.
GOLDEN SCAZ GAGAIN, PLLC
North Armenia Avenue
Tampa, Florida 33609-2303
dgolden@gsgfirm.com
braslavich@gsgfirm.com

Counsel for Defendant

      /s/ Janet R. Varnell
**Janet R. Varnell**