UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIZNELIA BAEZ,

    Plaintiff,

v.                                                Case No:   6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion to Compel 30(b)(6) Deposition Testimony, or in the Alternative, Motion to Postpone Deposition Testimony Until After Class Certification Has Been Determined (Doc. 35).

Defendant did not file a response to Plaintiff's motion. Accordingly, the Court may construe the motion as being unopposed. See Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)); Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."  CTA11 Rule 36-2.

Plaintiff alleges that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.   On June 8, 2016 the Court granted in part Plaintiff's motion for class certification and certified the proposed class (Doc. 36).   Plaintiff argues that Defendant's net worth is relevant to this action because damages for unnamed plaintiffs in the class are capped at the lesser of $500,000 or one per centum of the net worth of the debt collector (Id., ¶ 2).   Defendant has agreed to provide documents related to its net worth but refuses to submit to a FED. R. CIV. P. 30(b)(6) deposition on that issue.   The Court understands Defendant's position is that Plaintiff has already deposed it once, and is not entitled to a second deposition (Id., ¶ 5).

Plaintiff seeks an order compelling "the deposition of Defendant's corporate representative with the most knowledge regarding Defendant's net worth."   (Doc. 35 at 4).   The Court finds that Plaintiff is entitled to this discovery, which is appropriately taken after the Court has certified the class.   Accordingly, Plaintiff's motion is **GRANTED**. Plaintiff may take a second Rule 30(b)(6) deposition of Defendant, the scope of which is limited to Defendant's net worth.

**DONE** and **ORDERED** in Orlando, Florida on June 9, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record