**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                               Case No:  6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,

    Defendant.

## ORDER

This cause comes before the Court without oral argument on the following:

1. Defendant's Motion for Judgment on the Pleadings (Doc. 46), filed July 12, 2016;

2. Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings (Doc. 53), filed August 9, 2016;

3. Defendant's Motion for Summary Judgment (Doc. 51), filed August 1, 2016; and

4. Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 54), filed August 15, 2016.

The time to complete briefing on these matters has passed and the Court has reached a decision.  Upon consideration and review of the record, including all pleadings, deposition transcripts, affidavits, exhibits, and memoranda of the respective parties, the Court will deny both motions.

1

**I.     BACKGROUND**

Plaintiff, Liznelia Baez ("Baez"), initiated this class action against Defendant, LTD Financial Services, L.P. ("LTD"), to vindicate her rights and the rights of other similarly situated consumers under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p.  Baez states that she and approximately 34,000 other consumers received dunning letters from LTD which sought partial payment on debts that are barred by the applicable statute of limitations.  Baez claims that these dunning letters violated the FDCPA by failing to disclose that a partial payment made on a time-barred debt would "revive" the debt under Florida law, thus subjecting the consumer to liability anew.  Baez concludes that this failure misrepresents the true character and legal status of the debts LTD sought to collect in violation of 15 U.S.C. § 1692e, and otherwise constitutes a misleading and unfair means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.  On June 8, 2016, the Court certified this lawsuit as a class action.  LTD now moves for judgment as a matter of law on a number of issues.

**II.    STANDARDS OF REVIEW**

Judgment on the pleadings may only be granted when there are no material facts in dispute and the factual allegations contained within the parties' pleadings demonstrate that the plaintiff can prove no set of facts which would entitle her to relief.  *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).  If the court considers matters outside of the pleadings, the court must convert a motion for judgment on the pleadings into a Rule 56 motion for summary judgment, and must give the parties a reasonable opportunity to present all evidence that is relevant to the motion.  Fed. R. Civ. P. 12(d).

Summary judgment under Rule 56 is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a).  The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment.  Fed. R. Civ. P. 56(c)(1)(A).  "The court need consider only the cited materials," but may also consider any other material in the record.  Fed. R. Civ. P. 56(c)(3).

A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.*  The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of a genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  If the movant shows that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine factual disputes which preclude judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence" which creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).  In determining whether a genuine dispute of material fact exists, the court must read the evidence and draw all factual inferences therefrom in the light most favorable to the non-moving party and must

resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587.

### III. DISCUSSION

Because LTD raises the same arguments in its Motion for Summary Judgment as it does in its Motion for Judgment on the Pleadings, and because the Court must consider material outside of the pleadings to resolve LTD's Motion for Summary Judgment, the Court finds it prudent to convert the Motion for Judgment on the Pleadings into a motion for summary judgment. Upon review of the record, the Court is fully advised on the premises and does not require further briefing to resolve LTD's arguments.

#### A. A Genuine Factual Dispute Exists as to Whether the Underlying Obligations are "Debts" Within the Meaning of the FDCPA

LTD first moves for summary judgment on the ground that there is no record evidence showing that the obligations which were the subjects of the dunning letters are "debts" within the meaning of the FDCPA. In order for Baez to prevail on her FDCPA claims, she must prove that she was the object of debt collection activity arising out of consumer debt. *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The FDCPA further defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3). Therefore, a debt collector like LTD cannot be held liable under the FDCPA unless its debt collection

4

practices relate to a debt which is a consumer debt—a debt incurred by a natural person "primarily for personal, family, or household purpose."

There is conflicting evidence in the record as to whether the obligations which LTD sought to collect were consumer debts within the meaning of the FDCPA. At her deposition, Baez testified that she did not remember the credit card account referenced by LTD in its dunning letter and could not recall what the account might have been used for. (Baez Dep. 18:10–19:16). However, by way of sworn affidavit, Baez clarifies that, while she does not remember the specific credit card account, she has never in her life used a credit card for anything other than personal, family, and household transactions. (Baez Aff. ¶¶ 2, 4–7). Further, LTD's dunning letter itself indicates that it relates to a consumer debt by explicitly advising the recipient that LTD has certain obligations to consumers and by including numerous consumer protection disclosures required by states such as California, Colorado, and Tennessee. (Doc. 54-2, p. 2). Further still, counsel for Baez has submitted a sworn declaration representing that LTD produced a list of the approximately 34,000 class members in this case and that every name on the list appears to be the name of a natural person, as opposed to a business. (Warwick Decl. ¶¶ 2–4). This evidence is sufficient to allow a rational jury to conclude that the obligations which LTD sought to collect through its dunning letters were consumer debts within the meaning of the FDCPA. Summary judgment is therefore not appropriate.

    **B.    A Genuine Factual Dispute Exists as to Whether the Underlying Obligations Were Time-Barred When LTD Mailed the Dunning Letters**

LTD next moves for summary judgment on the ground that there is no record evidence showing that the obligations LTD sought to collect through its dunning letters were time-barred by the applicable statute of limitations. LTD reasons that if these

obligations were not, in fact, time-barred when it mailed the dunning letters, then any attempt to collect the obligations would not constitute a false representation or an unfair practice proscribed by the FDCPA.

There is sufficient evidence in the record to allow a rational jury to conclude that the obligations LTD sought to collect were time-barred. LTD's dunning letter informs the recipient as follows: "The law limits how long you can be sued on a debt. Because of the age of this account, you will not be sued for the debt." (Doc. 54-2, p. 1). While this language does not directly state that the debt is barred by a statute of limitations, the implication is that the debt is no longer enforceable through a lawsuit—a clear and unequivocal reference to the concept behind a statute of limitations. Moreover, LTD's statement is not a general statement, but specifically references "this account," again indicating to the recipient that their particular debt is not legally enforceable due to the age of the debt. Accordingly, summary judgment is not appropriate.

### C. A Partial Payment Can Legally "Revive" an Otherwise Time-Barred Debt Under Florida Law

LTD next moves for summary judgment on the ground that the legal premise underlying Baez's theory of liability—that a partial payment on a time-barred debt can "revive" the debt under Florida law and subject the debtor to liability anew—mischaracterizes the law. LTD argues that a promise to pay a time-barred debt does not "revive" the debt, but acts as a new contractual obligation which creates a new cause of action, commencing an entirely new statute of limitations.

A review of the case law confirms that Baez's premise is accurate. *See, e.g.*, *In re Kessler Mfg. Corp.*, 109 B.R. 516, 519 (Bankr. S.D. Fla. 1989) (recognizing the rule that a clear and definite promise to pay a time-barred debt subjects the promisor to liability if

6

she subsequently fails to pay the debt); *Coker v. Phillips*, 103 So. 612, 614 (Fla. 1925) (same); *Wassil v. Gilmour*, 465 So. 2d 566, 568 & n.5 (Fla. Dist. Ct. App. 1985) (same); *Kitchens v. Kitchens*, 142 So. 2d 343, 345 (Fla. Dist. Ct. App. 1962) (same). LTD's position amounts to a distinction without a difference. Regardless of whether the promise to pay "revives" the old statute of limitations or starts a new one, the point is that the promise subjects the promisor to liability and legal enforcement for the full amount of the original debt. Summary judgment is consequently not warranted for this reason.

### D. A Genuine Factual Dispute Exists as to Whether LTD's Dunning Letter Would Tend to Mislead the Least Sophisticated Consumer

LTD next moves for summary judgment on the ground that, even if the obligations were barred by the statute of limitations, LTD's extension of a settlement offer and its failure to disclose the potential legal effect of a partial payment on such a time-barred debt do not violate the FDCPA as a matter of law. LTD points to the fact that the language it uses in its dunning letters is largely consistent with language previously found acceptable by the Federal Trade Commission and the Consumer Financial Protection Bureau when settling other FDCPA lawsuits. LTD further contends that its letters do not threaten legal action and are not otherwise misleading, precluding liability as a matter of law.

In order to prevail on her claims against LTD, Baez must prove that LTD's dunning letter constitutes a debt collection practice which tends to mislead the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This unsavvy consumer is charged with a basic level of understanding and willingness to read with care, but is of below average sophistication or intelligence, and is uninformed or naïve." *Alborzian v. JPMorgan Chase Bank, N.A.*, 185 Cal. Rptr. 3d 84, 91 (Cal. Ct. App.

7

2015) (quoting *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011)) (citations and internal quotation marks omitted); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).  Whether a particular debt collection practice tends to mislead the least sophisticated consumer is a factually intensive inquiry ordinarily reserved for the jury.  *See Jeter*, 760 F.2d at 1177–78.

While LTD's purported compliance with non-binding standards previously found acceptable by the FTC or CFPB in settling other lawsuits might be one fact which may justify a rational jury finding that the dunning letters were not deceptive, other evidence in the record may cause a rational jury to reach the opposite conclusion.  For example, Baez testified at her deposition that she was so confused by the implications of LTD's letter that she thought it was best to contact an attorney immediately.  (*See* Baez Dep. 11:24–12:7, 16:21–17:7, 18:7–21:24, 30:20–31:25).  This is sufficient to create a genuine factual dispute as to whether LTD's dunning letter would be deceptive to the least sophisticated consumer.  *See Jeter*, 760 F.2d at 1177 & n.11 (finding that the plaintiff's decision to hire an attorney after receiving a debt collector's dunning letter could be reason enough for a rational jury to conclude that the dunning letter would mislead the least sophisticated consumer).  As a result, summary judgment is not appropriate.

### E.  Baez is Not Prohibited from Pursuing Alternative Theories of Liability

LTD's final argument on summary judgment is that Baez cannot state a claim for relief under 15 U.S.C. § 1692f.  LTD maintains that § 1692f cannot form the basis of a separate claim where the misconduct alleged is specifically proscribed by another section of the FDCPA.  Since Baez premises her § 1692f claim on the same conduct which forms the basis of her § 1692e claim, LTD concludes that the § 1692f claim cannot stand.

Baez acknowledges the possibility that her § 1692f claim might be precluded if she ultimately prevails on her § 1692e claim.  However, Baez raises her concern that her theory of liability "does not fit neatly within [§ 1692e]" and that a jury may find that the misconduct alleged is not proscribed by that section of the FDCPA.  (Doc. 53, p. 9).  As a result, it is Baez's intent to pursue alternative theories of liability against LTD.

It is axiomatic that "[l]itigants in federal court may *pursue* alternative theories of recovery."  *Brookhaven Landscape & Grading Co. v. J. F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982) (emphasis added).  It is only the actual recovery on mutually exclusive theories of liability or the actual recovery of duplicative damages which are prohibited.  To the extent a jury might find in favor of Baez on both her § 1692e and § 1692f claims for the exact same misconduct, the Court is able to remedy that deficiency post-verdict.  Accordingly, LTD is not entitled to summary judgment on Baez's § 1692f claim.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant's motions seeking entry of judgment as a matter of law (Docs. 46 and 51) are **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 30, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record