**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.                                Case No:  6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,

      Defendant.

_____

## CIVIL PRETRIAL ORDER

    This cause comes before the Court following the final pretrial conference held on February 21, 2017, pursuant to Federal Rule of Civil Procedure 16(d) and Rule 3.06 of the Local Rules of the Middle District of Florida.

    It is **ORDERED** as follows:

(1)    <u>Trial Date & Time:</u>

        This matter is set for a jury trial to begin on **May 1, 2017 at 9:00 a.m.**  The Court has set aside **two (2) days** to try this matter.

(2)    <u>Rulings Made at the Pretrial Conference:</u>

        a)    Defendant's Motion in Limine (Doc. 77) is **DENIED** for the reasons stated on the record.[1]

        b)    Defendant's Motion to Strike All or Portions of Plaintiff's Opposition to Defendant's Motion in Limine (Doc. 85) is **DENIED** for the reasons stated on the record.

        c)    Counsel for Defendant has **five (5) days** from the date of this Order to confer with his client regarding Plaintiff's service of trial subpoenas on Defendant's corporate representative(s) and to advise counsel for

---

[1]   The Court reminds the parties that a motion in limine "remains subject to reconsideration by the court throughout the trial," and the parties may renew their objections as appropriate.  *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (emphasis omitted).

Plaintiff as to the status of service.  **Defendant is cautioned that the Court may hold in contempt and issue a warrant for the immediate arrest of any person who fails to obey a subpoena.**  *See* Fed. R. Civ. P. 45(g).

(3)     Joint Pretrial Statement Controls:

The parties' Joint Pretrial Statement (Doc. 68) will control the course of the trial and may not be further amended except by order of the Court in the furtherance of justice.

(4)     Deposition Designations:

Plaintiff advises that she does not intend to introduce any deposition testimony at trial.  While Defendant has designated the deposition testimony of Plaintiff, no deposition testimony will be offered at trial in lieu of live witness testimony.

(5)     Voir Dire:

The Court will conduct voir dire in this matter.

(6)     Witness Lists, Exhibit Lists, and Exhibits:

(a)     If a party intends to utilize a computer to display exhibits, including documents, to the jury via the monitors positioned throughout the courtroom, the party is instructed to ensure that each exhibit is saved to a single image (.jpeg, .pdf, etc.), as opposed to saving several exhibits within a single image.  This requirement is intended to avoid a party scrolling through a composite exhibit in order to locate the specific document being presented to the witness.

(b)     All multi-page exhibits must contain individual page numbers, or bates numbers, such that the record will clearly reflect the precise page within an exhibit that is being discussed by the witness or counsel.

(c)     When a party offers a composite exhibit, the exhibit shall be organized in a manner which clearly delineates the various documents or photographs contained within the composite exhibit.  For example, a composite exhibit containing a contract and addendum to the contract will be marked as composite exhibit 1(a), 1(b), etc. with the letter identifying each individual document within the exhibit.  Composite exhibits lacking internal subsections will not be permitted.  The exhibit list shall list each composite exhibit subsection individually.

(d) When utilizing a video deposition at trial, the party presenting the video deposition shall file the corresponding transcript in CM/ECF prior to trial.

(e) Each party shall clearly state all objections to any exhibit listed on the opposing party's exhibit list.  The failure of a party to identify an objection on the exhibit list shall constitute a waiver of that objection.

(f) No later than **April 21, 2017**, each party shall provide the Court with copies of their exhibits in PDF format on one (1) CD or one (1) flash drive, along with their exhibit list. The Plaintiff is responsible for submitting any joint exhibits to the Court. Multiple-page exhibits must be Bates stamped. Each exhibit shall be set forth in a separate file on the CD or flash drive and shall be clearly numbered and labeled for the Court's ease of reference. Composite exhibits may be set forth in one file.

(g) The parties are directed to deliver the following to the Courtroom Deputy Clerk on the morning of trial: (1) original and two copies of the exhibit list; (2) original and two copies of each parties' updated witness list; (3) original and one copy of the agreed upon verdict form; and (4) one set of pre-tagged exhibits for the Witness. This set of exhibits shall include the appropriate colored exhibit tags stapled to the upper right hand corner of the first page. Each tagged exhibit shall be separately contained in a labeled manila folder (as opposed to exhibits being organized in binders) indicating exhibit number and party name, *e.g.*, Plaintiff-1, Defendant-1, Defendant Smith-1 (if multiple defendants). All exhibits shall be pre-marked pursuant to Local Rule 3.07. Joint exhibits which are not objected to shall be introduced and admitted at the outset of the case. Photo substitutes of physical exhibits must be provided to the Courtroom Deputy Clerk immediately upon the close of evidence.

(7) <u>Jury Instructions and Verdict Form:</u>

The parties have submitted jointly proposed jury instructions for the Court's review.  (Doc. 79).  The parties have until and including **April 7, 2017** to file any proposed verdict forms for the Court's consideration.

(8) <u>Sidebar Conferences:</u>

The Court disfavors sidebars absent unusual circumstances.  The Court will be available prior to the start of trial each day to address matters which may arise during the course of the trial. The parties are required to bring to the Court's attention prior to the start of trial any evidentiary issue or other matter which may require ruling by the Court during trial.

(9)   Impeachment, Refreshing Recollection:

    (a)   Any party wishing to impeach a witness or refresh the witness' recollection with a deposition or other prior testimony or statement must refrain from reading the question and answer.  Rather, the party is required to show the witness the prior testimony, allow the witness time to read the prior testimony, and then determine whether the prior testimony is inconsistent with the witnesses' current testimony or refreshes the witnesses' recollection.  A copy of the prior testimony must be available for the Court's review upon request.

    (b)   Whenever a party seeks to read deposition testimony to the jury, the party shall place a "witness" in the witness stand to read the answers provided at deposition.

(10)   Electronics:

During trial, counsel for all parties are permitted to enter the courthouse with cellular phones, laptop computers, and electronic equipment without additional leave of court.  Cellular phones shall be kept in the "vibrate" or "silent" mode and may only be used outside the courtroom.  Additionally, access to the Internet via the courthouse's wireless network is granted to all parties.  **All individuals must present valid picture identification and a copy of this Order upon the request of the Court Security Officers assigned to this facility.**

(11)   Courtroom Audio Visual Equipment:

A variety of audio visual equipment is available for use by counsel during trial, including a document camera, a connection for laptop access to the audio visual system,[2] and monitors at each counsel table, in the witness box, and in the jury box.  Counsel are advised to contact the Court's Courtroom Deputy, Grace Bennett, at 407-835-4219 **at least one week prior to trial** to arrange a time to become familiar with the courtroom technology systems.  Failure to do so may result in the equipment not being available for use.

(12)   Courthouse Website:

Counsel are advised to review the Court's preferences located on the Court's web page at http://www.flmd.uscourts.gov/judicialInfo/Orlando/JgByron.htm.

---

[2]   An information sheet on laptop access can be found at http://www.flmd.uscourts.gov/judicialInfo/Orlando/JgByron.htm.

(13)   <u>Developments:</u>

Counsel are directed to notify the Court promptly of any development subsequent to the entry of this Order which would in any way affect the trial of this case by calling the Court's Courtroom Deputy, Grace Bennett, at 407-835-4219.

**DONE AND ORDERED** in Orlando, Florida on February 22, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record