UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,**

    **Plaintiff,**

v.                                                      Case No.: 6:15-cv-1043-Orl-40TBS

**LTD FINANCIAL SERVICES, L.P.,**
a Texas Corporation,

    **Defendant.**

_____/

**DEFENDANT'S OBJECTION TO MAGISTRATE'S ORDER (DE 93)**

COMES NOW, Defendant LTD FINANCIAL SERVICES, L.P. ("LTD" or "Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 72(b), and hereby files this Objection to Magistrate's Order Granting Class Counsel's Renewed Motion for Permission for David K. Lietz to Appear *Pro Hac Vice* (DE 93), and states as follows:

    **I.**    **Background / Procedural History.**

Plaintiff brought this class action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See,* DE 1, generally. Specifically, Plaintiff alleges that LTD sent a collection letter to Plaintiff which sought to collect upon a debt that had become "timed-barred." *Ibid.* at ¶¶ 11 – 12. Plaintiff further alleges that the letter in question violates sections 1692e and 1692f of the FDCPA as it "fail[s] to disclose clearly and prominently the effect of paying on a time-barred debt and that making a payment on the time-barred debt could revive the debt." *Ibid.* at ¶ 43.

On November 20, 2015, Plaintiff filed her Motion for Class Certification. *See,* DE 21. Through that Motion, Plaintiff argued that class counsel provided for adequate representation as "Plaintiff's counsel has been certified to represent classes in state and federal courts throughout the country, including the Middle District of Florida." *Ibid.* at p. 10. In support of her Motion for Class Certification, Plaintiff attached a Declaration by attorney Janet Varnell ("Varnell Declaration") attesting that "I am able and willing to litigate this case on behalf of the proposed class… [m]y firm has the necessary financial and personnel resources to litigate the case on behalf of the class." *See,* DE 21-3 at p. 3. The Varnell Declaration specifically identified herself, and attorneys Brian W. Warwick and Steven Simmons firm attorneys "practicing in the area of consumer class actions." *Ibid.* at p. 2.

On June 8, 2016, this Court certified this lawsuit as a class action. *See,* DE 36. Specifically as to adequacy of representation requirement of Rule 23(a)(4), this Court relied on the Varnell Declaration and found Varnell & Warwick, P.A. "to be adequately qualified, experienced, and capable to act as class counsel in this case. *Ibid.* at p. 6.[1]

On January 19, 2017, Plaintiff's attorney Steven T. Simmons filed his Unopposed Motion to Withdraw stating in part that he "left the employ of Varnell & Warwick, P.A." and confirming that "Brian W. Warwick is and will remain lead counsel of record for Plaintiff." *See,* DE 66 at P. 1. On January 19, 2017, this Court granted Mr. Simmon's Unopposed Motion to Withdraw. *See,* DE 67.

On February 17, 2017, Class Counsel contacted the undersigned indicating attorney David K. Lietz would be seeking to appear *pro hac vice* in this matter "to give assistance at trial." *See,* Exhibit 1. On February 20, 2017, Plaintiff filed a Motion for Permission for David K.

---

[1] On June 22, 2016, Defendant filed a Motion for Reconsideration (DE 40) which was denied by this Court on November 4, 2016. (DE 58).

Lietz to Appear *Pro Hac Vice* in this matter. *See,* DE 86. On February 21, 2017, United States Magistrate Judge Thomas B. Smith issued an Order denying Plaintiff's Motion as Plaintiff failed to represent, pursuant to M.D. Fla. Rule 2.02(a), that David K. Lietz is "a member in good standing of the bar of any District Court of the United States; outside Florida." *Ibid.*

On February 24, 2017 Plaintiff filed a Renewed Motion for Permission for David K. Lietz to Appear *Pro Hac Vice*. *See*, DE 91("PHV Motion"). On February 24, 2017, Defendant filed its Response in Opposition to Class Counsel's Renewed Motion for Permission for David K. Lietz to Appear *Pro Hac Vice*. *See,* DE 92.

On February 27, 2017, United States Magistrate Judge Thomas B. Smith issued an Order granting Class Counsel's Renewed Motion. *See,* DE 93.

For the reasons detailed below, Defendant respectfully requests an Order from this Honorable Court denying Plaintiff's Renewed Motion for Permission for David K. Lietz to Appear *Pro Hac Vice*.

**II.       Legal Standard under Rule 72.**

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter before the court," subject to exceptions not relevant to this case. 28 U.S.C. § 636(b)(1)(A). Because Magistrate Judge Smith's February 27, 2017, Order (DE 93) did not dispose of any claim or defense, Rule 72(a) governs.

Under Rule 72(a), "[a] district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider...objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Williams v. Wright*, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) (citation omitted). An order "is contrary to the law

when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347.

### III.  Legal Argument.

Magistrate Judge Smith's February 27, 2017, Order (DE 93) does not provide a substantive basis for granting Plaintiff's PHV Motion beyond indicating that "Defendant opposes [Plaintiff's PHV Motion]… [t]he Court has considered Defendant's objections, and is not persuaded by them." See, DE 93 at p.1. Despite the lack of specificity, Magistrate Judge Smith's granting of Plaintiff's PHV Motion is contrary to, and misapplies, the law. Specifically, through Plaintiff's PHV Motion, Class Counsel seeks to "appoint" additional class counsel, attorney David K. Lietz, to provide assistance at the jury trial that is currently set to occur on May 1, 2017. *See,* DE 90. However, Plaintiff's PHV Motion fails to address any of the elements necessary for establishing adequacy of representation for Mr. Lietz as class counsel under Fed. R. Civ. Pr. 23(a)(4). Moreover, Plaintiff's PHV Motion belies Class Counsel's earlier assertion of adequacy to litigate the case on behalf of the Class. As a result, Class Counsel's attempt to bypass the "rigorous analysis" requirements under Rule 23 fails and Plaintiff PHV Motion must be denied.

> **a. Class Counsel's acknowledgement that Attorney Lietz is attempting to enter the case as additional Class Counsel "to give assistance at trial" belies Class Counsel's earlier assertion of adequacy to litigate the case on behalf of the Class.**

It is hardly atypical for attorneys to retain trial counsel during the course of litigation to assist in trying cases. There is no shame in recognizing perceived or genuine unease in one's ability to effectively try a case, especially a class case. In the instant case, Class Counsel has acknowledged concern about their respective abilities to try this case by stating their desire to

have Attorney Lietz become involved in the case "to give assistance at trial." While this recognition is admirable, it belies their earlier representation to the Court in seeking class certification that they are "able and willing to litigate this case on behalf of the proposed class." *See,* DE 21-3 at p. 3. To be clear, if Class Counsel had represented to the Court at the class certification stage that they would likely need to retain another attorney to try the case if it went to trial, it is unlikely the Court would have found Class Counsel to be adequate under Rule 23(a)(4).

To be clear, the PHV Motion contradicts Class Counsel's prior representations that they are able, willing, and have the necessary resources to litigate this case. In fact, Plaintiff's request for the assistance of additional counsel at this stage in the litigation represents a tacit, if not explicit, admission those prior representations upon which this Court relied to certify the class were inaccurate. Specifically, Plaintiff's PHV Motion contradicts the Varnell Declaration's representation that current class counsel is "able and willing to litigate this case on behalf of the proposed class… [and has] the necessary financial and personnel resources to litigate the case on behalf of the class." *See,* DE 21-3 at p. 3.

Defendant anticipates Class Counsel may argue that Varnell & Warwick, P.A. was appointed Class Counsel and that Attorney Lietz is simply another attorney employed at Varnell & Warwick. Hence, he is not required to individually undergo the rigorous analysis required under Rule 23. Any such argument would be erroneous for two (2) reasons.

First, in her Declaration Attorney Varnell listed only herself, Attorney Warwick, and Attorney Simmons as consumer lawyers at the firm. Hence, Attorney Lietz was never offered as potential class counsel and was never vetted by the Court under Rule 23.

Moreover, one of the reasons for the Rule 23 requirement that class counsel demonstrate they will fairly and adequately protect the interests of the class is to uncover conflicts of interest between the named representatives and the class they seek to represent. *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246 (11th Cir. 2003). The PHV Motion fails to identify the exact nature of the relationship between Mr. Lietz and Class Counsel Warick & Varnell, P.A. Specifically, Plaintiff's PHV Motion only provides vague descriptions of the relationship such as "Mr. Lietz is an attorney and *of counsel* to the law firm Varnell & Warwick, P.A." and "is *associated with* local counsel, Brian W. Warwick, of the law firm Varnell & Warwick, P.A." *See,* DE 91 at p. 1 (emphasis added). However, contrary to that assertion, there is no mention of an "of counsel" relationship with Mr. Lietz on the website of Varnell & Warwick. *See,* http://www.varnellandwarwick.com. Likewise, there is no reference to an "of counsel" relationship with Varnell & Warwick on The Lietz Law Firm website. *See,* http://www.lietzlaw.com.

In an email, Class Counsel indicated Attorney Lietz is "a full time lawyer working exclusively with" Varnell & Warwick (a Florida law firm of Varnell & Warwick). *See,* Exhibit 1. Given the fact Attorney Lietz is not licensed to practice law in Florida, he is likely ethically prohibited from being "a full time lawyer working exclusively with" Varnell & Warwick. Rule 4-5.5 of The Rules Regulating the Florida Bar states in relevant part:

> RULE 4-5.5 UNLICENSED PRACTICE OF LAW; MULTIJURISDICTIONAL PRACTICE OF LAW
> (a) Practice of Law. A lawyer may not practice law in a jurisdiction other than the lawyer's home state, in violation of the regulation of the legal profession in that jurisdiction, or in violation of the regulation of the legal profession in the lawyer's home state or assist another in doing so.
> (b) Prohibited Conduct. A lawyer who is not admitted to practice in Florida may not:

> (1) except as authorized by other law, establish an office or other regular presence in Florida for the practice of law.

*Id.*

The relevant comment to the Rule states:

> Other than as authorized by law, a lawyer who is not admitted to practice in Florida violates subdivision (b) if the lawyer establishes an office or other regular presence in Florida for the practice of law. This prohibition includes establishing an office or other regular presence in Florida for the practice of the law of the state where the lawyer is admitted to practice.... Presence may be regular even if the lawyer is not physically present here.

*Id.*

If Attorney Lietz is, in fact, "a full time lawyer working exclusively with" the Florida law firm of Varnell & Warwick, Rule 4-5.5 is likely implicated in a negative manner. As such, it seems exceedingly unlikely Attorney Lietz is "a full time lawyer working exclusively with" Varnell & Warwick. Irrespective, Attorney Lietz has never been appointed class counsel by the Court and Class Counsel cannot usurp the Court's authority by appointing Attorney Lietz as class counsel.

### b. Magistrate Judge Smith's Order is "contrary to the law" as Rule 23(a)(4) does not permit Class Counsel to "appoint" additional class counsel after certification.

A "class action[] may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Part of the rigorous analysis is the determination of whether class counsel "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "[T]his requirement applies to both the named plaintiff and counsel," and "the requirement's purpose is to protect the legal rights of absent class members." *London v. Wal-Mart Stores*, 340 F.3d 1246, 1253 (11th Cir. 2003) (internal quotations omitted). In order to adequately represent

the class, class counsel must be "qualified, experienced, and generally able to conduct the proposed litigation." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985).

As a result of the Varnell Declaration, this Court found Class Counsel satisfied the requirements of Rule 23(a)(4) finding they were "adequately qualified, experienced, and capable to act as class counsel in this case." *See,* DE 36 at p. 8. However, the requirements for adequate class representation do not vanish after an initial finding by the Court. Instead, the requirements under Rule 23 are ongoing as "[e]ven after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir.), *cert. denied,* 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986), *citing General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372 (1982); see also *Shin v. Cobb County Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001), citing *Richardson v. Byrd,* 709 F.2d 1016, 1019 (5th Cir.1983)("The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.").

Class Counsel's PHV Motion is an attempt to bypass the "rigorous analysis" requirement under Rule 23. The PHV Motion fails to address the requirements of Rule 23, as previously acknowledged by this Court which include "knowledge and experience with class litigation," "knowledge and experience with the substantive law governing the class's claims," or "any other relevant factor speaking to counsel's ability to represent the class's legal interests." *See,* DE 36 at p. 7 (citing 1 NEWBERG ON CLASS ACTIONS §§ 3:73–3:79 (5th ed. 2011). *See also, Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 661 (M.D. Fla. 2015)("in appointing class counsel, a district court must consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience handling class actions, other

complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.") The PHV Motion fails to demonstrate Mr. Lietz's knowledge or experience with either class litigation or the substantive law governing this case.

As a result, the PHV Motion must be denied as it fails to address any of the elements necessary for establishing adequacy of representation for Mr. Lietz as class counsel under Fed. R. Civ. Pr. 23(a)(4).

WHEREFORE Defendant respectfully requests an Order from this honorable Court denying Plaintiff's PHV Motion.

Respectfully submitted by:

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
jproulx@gsgfirm.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF

or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080