UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                            Case No:  6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,

    Defendant.

## ORDER

This cause comes before the Court on the following:

1. Defendant's Motion for Reconsideration (Doc. 76), filed February 7, 2017;

2. Plaintiff's Response in Opposition to Defendant's Motion for Reconsideration (Doc. 84), filed February 16, 2017;

3. Defendant's Objection to Magistrate's Order (Doc. 94), filed March 1, 2017; and

4. Plaintiff's Response to Defendant's Objection to Magistrate's Order (Doc. 95), filed March 6, 2017.

**I.    BACKGROUND**

This class action lawsuit arises out of Plaintiff's receipt—and the receipt by approximately 34,000 other individuals—of a dunning letter from Defendant which sought partial payment of a debt that is barred by the applicable statute of limitations. Plaintiff claims that the dunning letter violates the Fair Debt Collection Practices Act ("FDCPA") due to Defendant's failure to disclose to the recipient that a partial payment on a time-

1

barred debt "revives" the debt under Florida law, thus subjecting the recipient to liability anew. In this way, Plaintiff asserts that Defendant's dunning letter misrepresents the true character and legal status of the underlying debt and otherwise constitutes a misleading and unfair means of collecting or attempting to collect a debt.

On July 12, 2016, Defendant moved for judgment on the pleadings and, on August 1, 2016, Defendant moved for summary judgment. On January 30, 2017, the Court converted Defendant's motion for judgment on the pleadings into a motion for summary judgment, considered the motion together with Defendant's other later-filed motion for summary judgment, and denied both motions. Defendant now asks the Court to reconsider its denial of the converted motion for summary judgment (Defendant's former motion for judgment on the pleadings).

Additionally, on February 24, 2017, class counsel moved to allow co-counsel, David K. Lietz, to appear *pro hac vice*. On February 27, 2017, the presiding Magistrate Judge granted the motion over Defendant's opposition. Defendant now appeals from the Magistrate's decision as well.

## II.   DISCUSSION

### A.   Motion for Reconsideration

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent

dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511-T-33TBM, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013). Instead, the party moving for reconsideration must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1.

In its motion for reconsideration, Defendant contends that the Court clearly erred when it found that the legal theory on which Plaintiff premises her FDCPA claims—that a partial payment on a time-barred debt revives the debt—is an accurate representation of Florida law. Defendant takes the position that a case Plaintiff cites in her Complaint does not support her legal theory. Defendant then focuses on Plaintiff's admission in response to Defendant's motion for judgment on the pleadings that she was incorrect to cite that case in her Complaint. As a result, Defendant concludes that it is entitled to judgment as a matter of law on Plaintiff's claims due to Plaintiff's mistaken citation of authority in her pleading.

Defendant confuses the accuracy of Plaintiff's legal theory of liability with the accuracy of authority she used to support that legal theory in her Complaint. It is true that the case Plaintiff cited in her Complaint—*Cadle Co. v. McCartha*, 920 So. 2d 144 (Fla. Dist. Ct. App. 2006)—does not apply to this dispute. *Cadle* stands for the proposition that the partial payment of a debt tendered before the statute of limitations has run acts to toll the statute of limitations through the date of the last partial payment. *Id.* at 146. As the parties know, this case does not implicate the partial payment of a debt prior to the running of the statute of limitations, but the partial payment of a debt *after* the statute of limitations has already run.

Instead, section 95.04, Florida Statutes, along with interpretive case law, govern Plaintiff's theory.  These legal authorities recognize the well-established principle under Florida law that, when a debt has become time-barred due to the running of the statute of limitations, the debt may be revived and the debtor may be subjected to liability anew if the debtor subsequently acknowledges or promises to pay the time-barred debt in a signed writing.  *See, e.g.*, Fla. Stat. § 95.04; *In re Stewart*, 215 B.R. 633, 636–37 (Bankr. M.D. Fla. 1997); *In re Kessler Mfg. Corp.*, 109 B.R. 516, 519 (Bankr. S.D. Fla. 1989); *Coker v. Phillips*, 103 So. 612, 614–15 (Fla. 1925); *Wassil v. Gilmour*, 465 So. 2d 566, 568 & n.5 (Fla. Dist. Ct. App. 1985); *Kitchens v. Kitchens*, 142 So. 2d 343, 345 (Fla. Dist. Ct. App. 1962).  In fact, these are the legal authorities the parties discussed on summary judgment and which the Court analyzed and relied on in finding that Plaintiff's legal theory of liability is indeed an accurate representation of controlling Florida law.  And nothing in Defendant's motion for reconsideration leads the Court to conclude differently.

In the end, Defendant's argument is untenable.  Defendant would have the Court enter summary judgment in its favor due to Plaintiff's singular mis-citation of legal authority in her Complaint, despite Plaintiff's clear and consistent enunciation of her legal theory of liability from the beginning of this case, despite the parties' lengthy briefing on that theory, and despite the weight of legal authority supporting that theory.  To do as Defendant requests would constitute a miscarriage of justice.  Defendant's motion for reconsideration will be denied.

### B. Appeal from Magistrate Judge's Order

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a),

(b). When a party objects to the magistrate judge's decision on a non-dispositive matter, as is the case here, the district judge must review that decision for clear error. Fed. R. Civ. P. 72(a). In reviewing the decision, the district judge affords the magistrate judge considerable deference and will only set aside those portions of the decision that are contrary to law or that, upon review of the entire record, leave the district judge "with the definite and firm conviction that a mistake has been committed." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1346–47 (M.D. Fla. 2013) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).

Defendant appeals from the Magistrate Judge's February 27, 2017 decision granting Plaintiff's motion to permit co-counsel to appear in this Court *pro hac vice*. Defendant contends that the Magistrate Judge erred in granting the motion because Defendant believes allowing another attorney to appear for the benefit of the plaintiff and the class sidesteps the requirements of Federal Rule of Civil Procedure 23(g) and undermines this Court's prior finding that current class counsel can adequately represent the interests of the class. Defendant is incorrect. There is no requirement that every attorney who appears on behalf of a plaintiff in a class action lawsuit be certified as class counsel or meet Rule 23(g)'s adequacy requirements. *See* Fed. R. Civ. P. 23(g)(2). Moreover, the Court sees no connection between Mr. Lietz's appearance in this case and the adequacy of current class counsel. The Magistrate Judge reached the correct decision and will therefore be affirmed.

### III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Reconsideration (Doc. 76) is **DENIED**.

2. Defendant's Objection to Magistrate's Order (Doc. 94) is **OVERRULED**.

3. The Magistrate Judge's February 27, 2017 Order granting Plaintiff's Renewed Motion for Permission for David K. Lietz to Appear *Pro Hac Vice* (Doc. 93) is **AFFIRMED**.

**DONE AND ORDERED** in Orlando, Florida on April 7, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record