UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

Case No: 6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,

    Defendant.

## COURT'S INSTRUCTIONS TO THE JURY

### Jury Instruction No. 1

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

# Jury Instruction No. 2

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Jury Instruction No. 3

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

# Jury Instruction No. 4

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Jury Instruction No. 5

In this case, it is the responsibility of Ms. Baez and the class to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the claims brought by Ms. Baez and the class are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find for LTD Financial as to that claim.

## Jury Instruction No. 6

The claims brought by Ms. Baez and the class in this case arise under the Fair Debt Collection Practices Act, or "FDCPA." The FDCPA is a federal statute that Congress enacted to eliminate abusive debt collection practices. To that end, the FDCPA prohibits debt collectors from engaging in numerous specific acts or practices when they collect or attempt to collect a debt. The FDCPA also requires debt collectors to affirmatively perform specific acts when collecting or attempting to collect a debt.

# Jury Instruction No. 7

In order to prevail against LTD Financial, Ms. Baez and the class must prove the following three elements by a preponderance of the evidence:

<u>First:</u> LTD Financial is a debt collector under the FDCPA;

<u>Second:</u> LTD Financial collected or attempted to collect a debt from Ms. Baez and the members of the class; and

<u>Third:</u> LTD Financial engaged in an act prohibited by the FDCPA or failed to perform an act required by the FDCPA when it collected or attempted to collect the debt.

As to the first element, the parties agree that LTD Financial is a debt collector under the FDCPA, so you should accept this element as proven.

The parties do not agree on the second and third elements, and it will be your duty to decide whether Ms. Baez and the class proved each of these elements by a preponderance of the evidence.

## Jury Instruction No. 8

As to the second element, the FDCPA governs only the collection or attempted collection of "debts" as defined by the statute. The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction primarily for personal, family, or household purposes. An obligation to pay money is a "debt" under the FDCPA, regardless of whether a court judgment has been entered on the obligation. Whether the debt being collected was actually owed is irrelevant to the determination of a violation under the FDCPA.

If you find that LTD Financial was collecting or attempting to collect a "debt" as that term is defined by the FDCPA when it sent the letter, then Ms. Baez and the class have proven the second element. However, if you find that LTD Financial was not collecting or attempting to collect a "debt," then Ms. Baez and the class have not proven the second element and you should find in favor of LTD Financial.

## Jury Instruction No. 9

As to the third element, the FDCPA prohibits debt collectors from engaging in certain specific acts when collecting or attempting to collect a debt. Three of those acts are at issue in this case.

First, section 1692e(2)(A) of the FDCPA states as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following is a violation of this section: The false representation of the character, amount, or legal status of any debt.

Second, section 1692e(10) of the FDCPA states as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Third, section 1692f of the FDCPA states as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

Importantly, the FDCPA is a strict liability statute. This means that it does not matter whether LTD Financial intended to engage in an act prohibited by the FDCPA or whether LTD Financial knew or should have

known that it was violating the FDCPA. All Ms. Baez and the class are required to prove is that LTD Financial did in fact engage in a prohibited act.

If you find that LTD Financial engaged in an act which is prohibited by any of these sections when it sent the letter, then Ms. Baez and the class have proven the third element. However, if you find that LTD Financial did not engage in an act which is prohibited by any of these sections, then Ms. Baez and the class have not proven the third element and you should find in favor of LTD Financial.

## Jury Instruction No. 10

In Florida, the statute of limitations to sue someone for failing to pay a debt is five years. This means that, after five years from non-payment, the person to whom the debt is owed can no longer sue the person who owes the debt. A debt for which the statute of limitations has passed is sometimes referred to as a "time-barred debt."

## Jury Instruction No. 11

Florida law provides an exception to the rule that a person cannot be sued for failing to pay a debt that has become time-barred due to the passing of the statute of limitations. In Florida, a person who owes a debt which has become time-barred may revive the debt by acknowledging or promising to pay the debt in a signed writing. A debt that has been revived in this way is no longer barred by the statute of limitations, and the person to whom the debt is owed may then sue the person if he or she fails to pay the debt as promised.

## Jury Instruction No. 12

In determining whether LTD Financial's letter violates these sections of the FDCPA, you must apply what is called the "least sophisticated consumer" standard.

The "least sophisticated consumer" standard takes into account that consumer protection laws like the FDCPA are not made to protect experts, but are made to protect the general public. Therefore, in order to determine whether a debt collector engages in an act which is false, deceptive, misleading, unfair, or unconscionable, you must view the act through the eyes of the least sophisticated consumer and decide whether the least sophisticated consumer would be misled or deceived by the act or would find the act unfair or unconscionable.

The law describes the least sophisticated consumer as ignorant, naïve, unthinking, and gullible. The least sophisticated consumer has no special training or experience, has no obligation to doubt or question the sincerity of information he or she receives, and has no duty to investigate his or her legal rights. The least sophisticated consumer possesses a basic understanding of the world and has a willingness to read a collection letter with some care. The least sophisticated consumer does not act in bizarre ways and does not interpret a collection letter in a manner that is blatantly unreasonable.

Additionally, it does not matter whether Ms. Baez or any of the class members are least sophisticated consumers, whether they were actually misled or deceived by LTD Financial's letter, or whether they found the letter to be unfair or unconscionable. All Ms. Baez and the class need to prove is that the least sophisticated consumer would have been misled or deceived by the letter or would have found the letter to be unfair or unconscionable.

# Jury Instruction No. 13

If you find in favor of Ms. Baez and the class on their claims, you will be asked to award statutory damages.

As to Ms. Baez, you must choose an amount of statutory damages that is between $0 and $1,000.

As to the class, you must choose an amount of statutory damages that does not exceed the lesser of $500,000 or 1% of LTD Financial's net worth. Net worth is defined as total assets minus total liabilities as shown on the balance sheet. Your award of statutory damages to the class is without regard to a minimum individual recovery and without regard to any amount of statutory damages you award to Ms. Baez.

In determining the amount of statutory damages, you should consider the frequency and persistence of LTD Financial's noncompliance with the FDCPA, the nature of the noncompliance, and the extent to which such noncompliance was intentional.

## Jury Instruction No. 14

Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that a particular party should, or should not, prevail in this case.

Also, I caution you that you should not infer anything from the fact that the Court has allowed this case to proceed as a class action. The same burdens and legal principles apply to this case regardless of whether it has been brought as a class action. A class action is simply a procedural mechanism that allows the Court to efficiently resolve many claims at once.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, don't hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Jury Instruction No. 15

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

**[Explain verdict form]**

Take the verdict form with you to the jury room. When you all have agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible— either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.