**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                                      Case No: 6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,

    Defendant.

## ORDER

This cause comes before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. 143), filed June 30, 2017. On July 12, 2017, Plaintiff responded in opposition. (Doc. 154). Upon consideration, the Court will deny Defendant's motion.

**I.    BACKGROUND**

Plaintiff, Liznelia Baez ("Baez"), initiated this class action against Defendant, LTD Financial Services, L.P. ("LTD"), to vindicate her rights and the rights of other similarly situated consumers under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Baez states that she and approximately 34,000 other consumers received dunning letters from LTD which sought partial payment on debts that are barred by the applicable statute of limitations. Baez claims that these dunning letters violated the FDCPA by failing to disclose that a partial payment made on a time-barred debt would "revive" the debt under Florida law, thus subjecting the consumer to liability anew should the consumer subsequently default. Baez concludes that this failure misrepresents the true character and legal status of the debts LTD sought to collect in violation of 15 U.S.C.

1

§ 1692e, and otherwise constitutes a misleading and unfair means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

On June 8, 2016, the Court certified this lawsuit as a class action and, on May 11, 2017, a jury returned a verdict in favor of Baez and the class on all claims. LTD now renews its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b).

## II. STANDARD OF REVIEW

Upon the return of a jury verdict, Federal Rule of Civil Procedure 50(b) allows any party to renew a motion for judgment as a matter of law previously made at trial under Rule 50(a). Judgment as a matter of law should only be granted if no objectively reasonable jury, based on the evidence and inferences adduced at trial and through the exercise of impartial judgment, could reach the verdict reached. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997). Stated differently, the party moving for judgment as a matter of law must show that the trial evidence "is so overwhelmingly [in its favor] that a reasonable jury could not arrive at a contrary verdict." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1246 (11th Cir. 2001). However, where there is substantial evidence in the trial record which would allow reasonable minds to reach different conclusions, judgment as a matter of law is inappropriate. *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1211 (11th Cir. 2010).

In considering a motion for judgment as a matter of law, the district court must review the record and draw all reasonable inferences therefrom in the light most favorable to the non-moving party. *Brown*, 597 F.3d at 1173. Importantly, the district court must

not make credibility determinations or weigh evidence, as these are quintessential functions reserved for the jury. *Id.*

III. **DISCUSSION**

LTD preserved five arguments at trial pursuant to Rule 50(a) and re-raises all five in its Rule 50(b) motion. The Court addresses LTD's arguments in the most logical order.

A. **Whether the Obligation at Issue is a "Debt"**

First, LTD moves for judgment as a matter of law on the ground that Baez failed to adduce sufficient evidence at trial demonstrating that the obligation referenced in LTD's dunning letter was a "debt" within the meaning of the FDCPA.

To succeed on her FDCPA claims, Baez was required to prove that she and the class were the objects of debt collection activity arising out of consumer debt. *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). The FDCPA defines "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The FDCPA further defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3). Therefore, a debt collector like LTD cannot be held liable under the FDCPA unless its debt collection practices relate to a debt which is a consumer debt—a debt incurred by a natural person "primarily for personal, family, or household purposes."

At trial, Baez introduced the dunning letter she and each of the class members received from LTD. LTD's letter indicates that it relates to a consumer debt by explicitly advising the recipient that LTD has certain legal obligations to consumers when collecting or attempting to collect a debt. (Pl.'s Ex. 1). Baez also testified at trial that she has never

owned a business, has never had a business credit card, and has never used a credit card for anything other than personal, family, and household transactions. (Tr. 87:10–88:2). Baez further testified that, while she does not exactly remember the obligation referenced in the dunning letter, she believes it could relate to household purchases she placed on a credit card eight years ago but was unable to pay because she was out of work. (Tr. 88:18–89:19). Finally, Baez produced a list of the approximately 34,000 class members in this case who received LTD's dunning letter, and every name on that list is the name of a natural person, as opposed to a business. (Pl.'s Ex. 2). This evidence is sufficient to allow a reasonable jury to conclude by a preponderance of the evidence that the obligations referenced in LTD's dunning letters to Baez and the class were consumer debts within the meaning of the FDCPA.

### B. Whether the Debt was Time-Barred When LTD Sent the Dunning Letter

Second, LTD moves for judgment as a matter of law on the ground that Baez failed to adduce sufficient evidence at trial demonstrating that the debts at issue in the dunning letters were barred by the applicable statute of limitations. LTD's argument hinges on its assertion that Baez cannot prove which statute of limitations applies to each debt, thus rendering it impossible to determine if any of the debts were in fact time-barred when LTD sent the dunning letters.

The dunning letter Baez introduced into evidence states as follows: "The law limits how long you can be sued on a debt. Because of the age of **this** account, you will not be sued for the debt." (Pl.'s Ex. 1) (emphasis added). A reasonable jury could conclude that this statement refers to the statute of limitations and is unique to the debt referenced in the letter since it specifies "this account." Moreover, LTD's CEO, David John, and Chief Technology Officer, Jim Glaus, confirmed at trial that this language is not simply

4

boilerplate language LTD includes in every collection letter, but that LTD uses a formula based on information provided by the creditor and makes an individualized decision with respect to each debt whether the debt is likely barred by the applicable statute of limitations and, as a result, when to include this "out-of-statute" language. (Tr. 42:13–43:19, 44:20–46:3, 83:10–85:6). Based on Mr. John's and Mr. Glaus's testimony, a reasonable jury could conclude that the particular debts at issue in this case were in fact barred by the applicable statute of limitations since LTD included the out-of-statute language in each dunning letter.

In short, Baez did not need to prove which statute of limitations applied to each debt in order to prove that the debts were time-barred. Rather, there is sufficient circumstantial evidence in the record to allow a reasonable jury to reach that conclusion.

### C. Whether Baez's Theory of Liability is Legally Correct

Third, LTD moves for judgment as a matter of law on the ground that the theory of liability Baez pursued in this case and through trial was legally incorrect. Specifically, LTD contends that a time-barred debt cannot be revived under Florida law in the way Baez claims.

The Court rejected LTD's argument on this point previously and does so again now. In Florida, "[a]n acknowledgment of, or promise to pay, a debt barred by a statute of limitations must be in writing and signed by the person sought to be charged." Fla. Stat. § 95.04. A person who executes a signed writing that acknowledges or promises to pay a time-barred debt revives the debt, and the person is subject to liability on the debt if he or she then fails to pay. *See, e.g.*, *In re Kessler Mfg. Corp.*, 109 B.R. 516, 519 (Bankr. S.D. Fla. 1989) (recognizing the rule that a clear and definite promise to pay a time-barred debt subjects the promisor to liability if she subsequently fails to pay the debt);

5

*Coker v. Phillips*, 103 So. 612, 614 (Fla. 1925) (same); *Wassil v. Gilmour*, 465 So. 2d 566, 568 & n.5 (Fla. Dist. Ct. App. 1985) (same); *Kitchens v. Kitchens*, 142 So. 2d 343, 345 (Fla. Dist. Ct. App. 1962) (same). Baez's theory of liability in this case is therefore accurate under controlling law.[1]

### D. Whether LTD Escapes Liability Because the Language in its Dunning Letter Complies with Prior Consent Decrees

Fourth, LTD moves for judgment as a matter of law on the ground that two federal agencies previously found the language used by LTD in its dunning letters to be acceptable. LTD points to two consent decrees entered in previous cases where the Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB") found the language used by LTD in this case to be acceptable under the FDCPA.

To the extent LTD suggests that this Court is bound to accept prior settlement agreements between the FTC, CFPB, and other non-parties as legally conclusive on the issue of whether LTD's dunning letter in this case is misleading, deceptive, unfair, or unconscionable under the FDCPA, LTD is mistaken. Instead, these settlement agreements merely constituted evidence for the jury to consider when deciding whether the least sophisticated consumer would find LTD's dunning letters misleading, deceptive, unfair, or unconscionable. In contrast to LTD's evidence, Baez testified at trial that she could not understand LTD's letter, that she thought LTD was "pursuing" her, and that she was so confused by the letter's implications that she immediately sought legal help. (Tr. 90:3–92:6). Based on Baez's testimony, along with the text of the dunning letter itself, a

---

[1] The Court notes that LTD does not challenge the sufficiency of the evidence used to support Baez's claim that LTD's dunning letter invited Baez and each class member to revive a time-barred debt under Florida law.

reasonable jury could conclude that the least sophisticated consumer would find LTD's dunning letter misleading, deceptive, unfair, or unconscionable.

### E. Whether the FDCPA Requires LTD to Provide Legal Advice to Debtors

Lastly, LTD moves for judgment as a matter of law on the ground that the FDCPA does not require debt collectors like LTD to provide legal advice to consumers about the statute of limitations. However, nothing in the jury's verdict or the judgment against LTD requires LTD to provide legal advice to consumers, and LTD does not otherwise challenge the sufficiency of the evidence produced at trial. LTD's argument therefore falls outside the scope of review under Rule 50(b).

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. 143) is **DENIED**. Defendant's Unopposed Motion for Leave to Exceed the Court's Twenty-Five Page Limit for Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. 142) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Orlando, Florida on August 1, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record