# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LIZNELIA BAEZ,

        Plaintiff,

v.                                    Case No:  6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,

        Defendant.

_____/

## ORDER

This cause comes before the Court on the following:

1. Plaintiff's Motion for an Award of Attorneys' Fees and Expenses and for a Class Representative Incentive Award (Doc. 141), filed June 20, 2017;

2. Defendant's Response to Plaintiff's Second Motion for an Award of Attorneys' Fees and Expenses and for a Class Representative Incentive Award (Doc. 149), filed July 6, 2017;

3. Defendant's Motion to Determine Amount of Attorneys' Fees to be Imposed as Sanctions for Plaintiff's Failure to Comply with Court Ordered Deadlines (Doc. 159), filed July 24, 2017; and

4. Plaintiff's Response in Opposition to Defendant's Motion to Determine Amount of Attorney's Fees (Doc. 161), filed August 7, 2017.

Upon consideration, both motions are due to be denied.

On August 24, 2017, Defendant filed a Notice of Appeal. (Doc. 162). Because the Eleventh Circuit's consideration of this matter will not be aided by a decision on the merits of Plaintiff's motion for attorneys' fees, the motion is denied without prejudice.[1]

Also pending is Defendant's Motion to Determine Amount of Attorneys' Fees as sanctions for Plaintiff's violation of the Court's deadlines. (Doc. 159). The Case Management and Scheduling Order ("CMSO") in this case originally required that the parties submit a Joint Final Pretrial Statement, including deposition designations, by October 18, 2016. (Doc. 17). The Court entered an Amended CMSO on October 12, 2016, which moved the deadline for filing the Joint Final Pretrial Statement (and accompanying deposition designations) to January 25, 2017. (Doc. 60). The timely-filed Joint Final Pretrial Statement provided: "Plaintiff to provide all witnesses live." (Doc. 68, p. 4). Finally, as reflected in the Civil Pretrial Order, "Plaintiff advise[d] that she does not intend to introduce any deposition testimony at trial." (Doc. 89, p. 2).

Notwithstanding these deadlines and representations, Plaintiff filed a Notice of Filing Deposition Transcripts to be Used at Trial on April 26, 2017, five days before trial. (Doc. 101). On April 28, 2017, Defendant objected to Plaintiff's Notice of Filing Deposition Transcripts. (Doc. 103). Before the trial of this case began, the Court stated that sanctions would be appropriate for Plaintiff's failure to comply with the Court's deadlines.

---

[1]    The Advisory Committee Notes to Rule 54(d)(2) provide that:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or *may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved*.

Fed. R. Civ. P. 54(d)(2) advisory committee's note (emphasis added).

Specifically, the Court provided that sanctions would be levied in the form of attorneys' fees for the preparation of Defendant's motion in opposition to Plaintiff's filling of deposition designations (Doc. 103), and for time spent preparing counter-designations and objections occasioned by Plaintiff's late filing. (Doc. 155, pp. 19–20).

Plaintiff responded in opposition to Defendant's motion to determine amount of attorneys' fees as sanctions, arguing, in part, that Defendant lacked authority for the motion and that it was otherwise premature. (Doc. 161). Plaintiff is correct to point out that Defendant's motion fails to specify which rule it is brought under. Moreover, resolving the sanctions issue in connection with a post-appeal motion for attorneys' fees would conserve judicial resources. Defendant's motion is therefore denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for an Award of Attorneys' Fees and Expenses and for a Class Representative Incentive Award (Doc. 141) is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion and affidavits no later than fourteen (14) days after entry of a mandate by the Court of Appeals on Defendant's pending appeal.

2. Defendant's Motion to Determine Amount of Attorneys' Fees to be Imposed as Sanctions for Plaintiff's Failure to Comply with Court Ordered Deadlines (Doc. 159) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 24, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties