# **EXHIBIT E**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIZNELIA BAEZ, on behalf of herself
and all others similarly situated,

Plaintiff,

v.                                   Case No.: 6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,
a Texas Corporation,

Defendant.
_____/

## DECLARATION OF JOHN YANCHUNIS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

I, John A. Yanchunis, pursuant to 28 U.S.C. §1746, declare as follows:

1. I am an attorney duly admitted to practice law in the state of Florida and I am admitted to practice in this District. I was admitted to practice law in Texas in 1980 and Florida in 1981. I practice in the area of consumer class actions, and I have focused my practice in this area for the past 19 years. Previously, I specialized in complex business litigation, ranging from the representation of financial institutions to Fortune 500 companies. I also represented insurance companies in insurance coverage disputes, and was regional counsel for a very large insurance company handling coverage litigation for asbestos and environmental claims in the southeastern United States. In one case in particular, I was lead counsel for 5 insurance companies in a multi-year trial, where my clients faced exposure for asbestos coverage in excess of a billion dollars. The case lasted 18 years through appeals.

2. I maintain my practice in Morgan & Morgan's Complex Litigation Group and lead the National Consumer Class Action section. Morgan & Morgan is the largest exclusively plaintiffs law firm in the state of Florida and one of the largest in the United States, employing over 300 lawyers and 1,600 support staff in offices throughout Florida, Arkansas, Georgia, Mississippi, Tennessee, Kentucky, Alabama, New York and Pennsylvania.

3. Before entering private practice in 1982, I served for two years as a law clerk for the Honorable Carl O. Bue, Jr., a United States District Judge in the Southern District of Texas in Houston, Texas.

4. I have extensive involvement in class action litigation. I have served as co-lead counsel in the successful prosecution of the two largest class action cases in the United States: *Fresco v. Automotive Directions, Inc.*, Case No. 03-61063-JEM (Fresco I), and *Fresco v. R.L. Polk*, Case No. 0:07-cv-60695-JEM (Fresco II) (Southern District of Florida). Additionally, I serve today and have served in the past as lead, co-lead, or class counsel in numerous class actions in a wide variety of areas affecting consumers, including but not limited to, anti-trust, defective products, life insurance, annuities, privacy, breach of contract, civil rights and unfair and deceptive acts and practices. I am have also successfully litigated class cases under the Fair Debt Collections Protection Act.

5. Presently, I serve also as lead, co-lead counsel, liaison counsel, and a member of the executive committee on many MDLs class cases throughout the country. Earlier this year, I was appointed lead counsel in the MDL class case pending in the Northern District of California arising out of a data breach at Yahoo affecting more than 1 billion consumers throughout the world.

6. Beginning in 2005, and while maintaining a private law practice, I served as lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators in the state of Florida) in their investigations of the insurance industry over issues concerning possible antitrust activity, and other possible unlawful activity and activities regarding the payment of undisclosed compensation to insurance brokers. The litigation and these investigations resulted in millions of dollars in restitution being paid to Florida consumers, and also resulted in significant changes in the way commercial insurance is sold in the state of Florida and across the country.

7. I lecture frequently on topics regarding class litigation, including on the issues of attorneys' fees in class litigation, and I have served as an expert to The Florida Bar on the topic of the ethical obligations of class counsel in class action litigation.

8. I have been honored with the prestigious "AV" rating by Martindale-Hubbell. A copy of my resume is attached as composite Exhibit "1."

9. I have previously testified and been accepted as an expert on attorneys' fees in other class action litigation pending in both state court and federal court.

10. Class Counsel requested that I review the file in this case and to render an opinion in support of their motion for attorneys'' fees, cost and expenses. Pursuant to their request, I reviewed the Court's docket, the pleadings, motions including dispositive motions, and the other filings made in the case. In addition, I reviewed the time and expense records of Class counsel detailing the work performed, services rendered, and litigation expenses incurred on behalf of Plaintiff and the class which was certified by the Court. I relied on these materials in formulating my opinion as to the reasonableness of Class Counsel's fees and litigation costs and expenses

11. I am very familiar with the hourly rates charged by lawyers throughout the country and in this District as I constantly review fee submissions in other class cases and orders on those fee requests to ensure that I remain well informed about the hourly rates being charged and allowed to be charged or compensated by courts. I also subscribe to a National publication, the National Law Journal Billing Survey, which collects, compiles and annually publishes hourly rates of lawyers based on years of experience in the numerous law firms which provide hourly rates to the publication. I also subscribe to Law360 which reports daily on class litigation cases and related topics, including those cases which have been settled and those that are tried, including orders entered on fee motions of class counsel in various cases. I also frequently review the Laffey Matrix, found at www.laffeymatrix.com/, and the decisions which cite with favor to the Matrix.

12. Based on my review of the case information that has been presented, and my personal experience and familiarity with the applicable law, rules, practical considerations and prevailing rates governing an award of attorneys' fees in class actions, it is my opinion that Class Counsel's application for fees and litigation costs and expenses presented in this case are fair and reasonable, for at least the following reasons:

**The Hourly Rates and Time Expended Are Reasonable**

13. As I am familiar with the range of hourly rates charged by lawyers, hourly published in various legal articles, and hourly rates approved by courts in class litigation, the rates charged by Class Counsel are consistent with (if not actually below) the prevailing market rates and are imminently reasonable for use and application in this case.

14. Class Counsel is seeking compensation for collectively having expended more than 388.90 hours in pursuit of the claims raised in this case, resulting in a loadstar of $186,450.00.

15. I personally know two of Class Counsel, Brian Warwick and Janet Vernell, and I am very familiar with their skills, reputations in the class action bar and their accomplishments in other class litigation. I have also become familiar since my engagement with other counsel in the case who represented Plaintiff and the class which was certified by the Court. I understand that David Lietz, a lawyer who has been licensed to practice for 24 years and is a graduate of Georgetown University, which has an excellent law school.

16. Based upon my review of the file and other materials, and the legal and practical challenges of the case where it appeared that little quarter was given by Defendant, Class Counsel was able to achieve a very favorable result, first in seeking certification of the class, and then in the trial of the case to verdict. For these reasons, based on my personal experiences and knowledge of this area of the practice, it is my opinion that the hourly rates of Class Counsel, $500 per hour for Ms. Varnell and Messrs. Warwick and Lietz, and $300 per hour for Steven Simmons, (if not under the market) and the amount of time expended litigating this case, 388.90 as of June 2, 2017, is very reasonable and commensurate with the results obtained.

**The Results Are Excellent**

17. Based on my experience, the requested amount of attorney's fees are reasonable. See *Dikeman v. Progressive Exp. Ins. Co.*, 312 Fed. Appx. 168, 172 (11th Cir. 2008) ("Whether the district court uses the lodestar or the common-fund method, the district court should apply the twelve [Johnson] factors ... to determine the appropriate statutory fee or the percentage to be utilized."). These factors include:

a. The time and labor required;

b. The novelty and difficulty of the question involved;

c. The skill required to perform the legal service properly;

d. The preclusion of other employment by the attorney as a consequence of his involvement in the case;

e. The customary fees;

f. Whether the fee is fixed or contingent;

g. Time limitations imposed by the client or the circumstances;

h. The amount involved and the results obtained;

i. The experience, ability, and reputation of the attorney;

j. The "undesirability" of the case;

k. The time required to reach settlement;

l. Fee awards in similar cases;

m. The nature and length of the relationship with the client;

n. Whether there are substantial objections by class members or other parties to the settlement terms or the fees requested;

o. Any non-monetary benefits conferred on the class by the settlement;

p. The economics of prosecuting a class action; and

q. Other unique factors.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 718 (5th Cir. 1974). See also, *Camden Condominium Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991). In my opinion, most of these factors that are applicable to this litigation favor the award of the requested fee.

18.	After applying these factors to this case, and taking in consideration the hourly rates and time spent by Class Counsel, it is my opinion that a reasonable attorneys' fee for Class Counsel is $186,450.00 (based on the time expended as of June 2, 2017). Moreover, I have examined the costs and expenses incurred in order to prosecute this case to conclusion and the costs and expenses of $24,714.12 were necessarily and reasonably incurred and should be awarded to Class Counsel.

19.	Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of June, 2017 at Tampa, Florida.

_____
John A. Yanchunis, Esq.

***John A. Yanchunis*** Mr. Yanchunis practices in Morgan & Morgan's Complex Litigation Group and leads the National Consumer Class Action section. Morgan & Morgan is the largest plaintiffs' law firm in the country with approximately 300 lawyers practicing in 7 states. Before entering private practice in 1982, Mr. Yanchunis served for two years as a law clerk for the Honorable Carl O. Bue, Jr., a United States District Judge in Houston, Texas.

Mr. Yanchunis is highly regarded nationally for his extensive involvement in class action litigation. He has extensive experience in multi-district class action litigation, and is presently co-lead counsel in *In re: Home Depot, Inc., Customer Data Security Litigation,* Case 1:14-md-02583-TWT (N.D. Ga.), liaison counsel in *In re: Ford Fusion and C-Max Fuel Economy Litigation,* 7:13-md-2450-KMK (S.D.N.Y.), and a member of the Five-member Executive Committee in *In re: Target Corporation Customer Data Security Breach Litigation,* MDL No.: 2522 (PAM/JJK) (D. Minn.).

He was co-lead counsel in the successful prosecution of perhaps the two largest class action cases in the United States: *Fresco v. Automotive Directions, Inc.*, Case No. 0:03-cv-61063-JEM (S.D. Fla.), and *Fresco v. R.L. Polk*, Case 0:07-cv-60695-JEM (S.D. Fla.). These cases were filed against the world's largest data and information brokers, Experian, R.L. Polk, Acxiom, Reed Elsevier (which owns LexisNexis) and others to protect the important privacy rights of consumers.

Additionally, he has served as lead, co-lead, or class counsel in numerous class actions in a wide variety of areas affecting consumers, including but not limited to anti-trust, defective products, life insurance, annuities and deceptive and unfair acts and practices.

Mr. Yanchunis was assigned the role of lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators in the state of Florida) in their investigation of the insurance industry for possible antitrust activity and for other possible unlawful activity regarding the payment of undisclosed compensation and commissions to insurance brokers. The litigation and investigations yielded millions of dollars in restitution for Florida consumers and changed the way commercial insurance is sold in the state of Florida and other parts of the country.

Before restricting his practice to class action litigation 19 years ago, Mr. Yanchunis had a diverse career as a trial lawyer ranging from the representation of contractors, engineers and architects in construction litigation, financial institutions in general and lender liability litigation, and representing creditors and creditors' committees in large complex bankruptcy cases. Additionally, he served as counsel for the largest general liability insurance companies in environmental and asbestos coverage litigation in the Southeastern United States, and was lead counsel for 5 of the 42 insurance companies in one of the largest coverage cases which took several years to try to conclusion.

Mr. Yanchunis has represented The Florida Bar in many capacities. He has served as an expert for The Florida Bar in the area of class actions and ethics, and also served as special counsel in the prosecution of individuals for The Unauthorized Practice of Law, often leading to criminal contempt proceedings.

Mr. Yanchunis is actively involved in his profession. Because of his work in the area of consumer protection, he was appointed to the position as Chair of The Florida Bar's Consumer Protection Law Committee. He was appointed by the Florida Supreme Court to serve as a member of The Florida Board of Bar Examiners (FBBE), in which he served from 1997 to 2002, and he has annually been re-appointed by the Court to serve as an Emeritus Member where he participates on character and fitness panels of bar applicants and serves as an arbiter at final hearings.

Mr. Yanchunis frequently lectures around the United States on topics related to class actions.

Mr. Yanchunis also served as a member of the Board of Directors for The Florida Bar Foundation, and is a Fellow of The Florida Bar Foundation. He served as Chairman of the Special Commission on Multi-Jurisdictional Practice, and was a member of the Special Committee on the Enhancement of the Practice of Law. Mr. Yanchunis was an elected to the Board of Governors (BOG) of The Florida Bar, and was involved with many subcommittees of the BOG, including the Budget Committee, Multi-Disciplinary Practice Committee, and Board Review Committee on Professional Ethics. He has served on The Florida Bar's Ethics Committee, Standing Committee on Simplified Forms where he was a member and Vice Chairperson, and the Task Force on the Unlicensed Practice of Law. He has served as Chairperson, Vice Chairperson, and a member of the Standing Committee on the Unlicensed Practice of Law. Mr. Yanchunis is a former member of the Standing Committee on Professionalism, the Continuing Legal Education Committee, the Public Relations Committee, and the Board of Governors of Young Lawyers Division of The Florida Bar, Sixth Circuit Representative. He was a member and the Chairperson of the 6A Circuit Committee for the Unlicensed Practice of Law and the Chairperson of the 6B Circuit Committee and a member of the Supreme Court of Florida's Judicial Management Council.

In the community, Mr. Yanchunis served as a member of the Elder Law Board, College of Law and the Center for Excellence in Elder Law – Stetson University College of Law, served as Vice President of the St. Vincent de Paul Society, St. Petersburg Downtown Conference, was a National Council Member and Council Representative for the Boy Scouts of America, served in the West Central Family Council of the Boy Scouts of America as Council President, and was the Skyway District Chairman. Mr. Yanchunis presently serves as a member of the Executive Committee of the West Central Florida Council of the Boy Scouts of America. For his services as a Boy Scout Leader, Mr. Yanchunis received the Silver Beaver award and the District Award of Merit .

Mr. Yanchunis served as both a member and an officer of the Board of Directors of the FBI Tampa Bay Citizens' Academy Alumni Association, and completed Leadership St. Pete, sponsored by the St. Petersburg Chamber of Commerce.

Mr. Yanchunis is a member of The Florida Bar. Additionally, he is admitted to the United States Supreme Court; the United States Courts of Appeal for the Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits; the United States District Courts for the Southern, Northern and

Western Districts of Texas; the United States District Courts for the Eastern and Western Districts of Wisconsin; the United States District Court for the Middle and Southern District of Florida; the United States District Court for the Eastern District of Michigan; the United States District Court for the Western District of Kentucky; the United States District Court for the Northern District of Illinois; the United States District Court for the District of Connecticut, and the United States District Court for District of Colorado.

In 2005, the Elder Law Section of The Florida Bar awarded him its Chair's Honor Award for Mr. Yanchunis' handling with Jill Bowman of a class action against the state of Florida for violations of federal law in failing to deliver a benefit under Medicaid to approximately 41,000 poor elderly residents of nursing homes in Florida. The case resulted in the state of Florida's funding the delivery of dental and ocular care for the elderly in nursing homes , as well as enabling the elderly to purchase Medicare gap coverage to pay for physicians who would not take Medicaid patients because of the low reimbursement rates . He is also the recipient of The Florida Bar Foundation President's Award for Excellence for his outstanding leadership in promoting the Foundation's mission to help provide legal assistance for the poor.

Mr. Yanchunis has been honored with the prestigious "AV" rating by Martindale-Hubbell.  He has been continuously recognized as a Florida Super Lawyer.

Mr. Yanchunis received his Bachelor's degree from the University of Florida . While at the University of Florida he was a member of Florida Blue Key and Omicron Delta Kappa.  He received his Juris Doctor degree from  South Texas College of Law where he attended school at night while working full time during the day. He graduated *magna cum laude*.  During law school, Mr. Yanchunis was a member of the Order of the Lytae and was Associate Editor-in-Chief of the *South Texas College of Law Journal*.