# **EXHIBIT G**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLENDA GRANT, f/k/a GLENDA RANDOLPH, individually and on behalf of a class of persons similarly situated,

    Plaintiffs,

vs.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

Case No.: 3:15-cv-01376-MMH-PDB

## DECLARATION OF JAMES C. HAUSER

I, James C. Hauser, declare as follows:

### I. BACKGROUND OF MR. HAUSER

1. I am currently a member in good standing with the Florida Bar.

2. I am also a member of the Middle District of Florida Federal Bar.

3. I am the author of a three-volume treatise entitled Attorney's Fees in Florida, published by Lexis.

4. It is the only book devoted solely to the issue of attorney's fees in the State of Florida and contains more than 4,000 citations dealing with attorney's fees issues.

5. As a former County Court, Circuit Court and Appellate Judge,[1] I have handled hundreds of cases involving attorney's fees, which necessarily required me to determine the reasonable number of hours and reasonable hourly rate.

---

[1] I have served as an appellate judge at both the Fourth and Fifth District Courts of Appeal.

1

6. I have given more than 150 lectures on court awarded attorney's fees to various organizations throughout the State of Florida, including approximately 50 lectures to Florida state, county, circuit and appellate judges.

7. The name of my practice is Attorney's Fees in Florida, PL, and as the name suggests, my practice is devoted solely to issues involving court awarded attorney's fees.

8. Although the bulk of my practice consists of co-counseling on significant attorney's fees issues, at both the trial court and appellate level, a portion of my work is devoted to testifying as an expert attorney's fees witness.

9. As an expert attorney's fees witness, I have testified for both the party seeking to recover attorney's fees and the party liable to pay attorney's fees.

10. As an expert attorney's fees witness, I consider myself an officer of the court and my testimony is based on what I believe to be a reasonable attorney's fee based on the facts and law.

11. My most significant attorney's fees case was *Diamond Aircraft Industries, Inc. v. Horowitch*, 107 So. 3d 362 (Fla. 2013), which I briefed and argued before both the 11th Circuit Court of Appeals and the Florida Supreme Court.

12. *Horowitch* is one of the seminal attorney's fees cases in the State of Florida, and it has been cited more than 130 times.by both federal and state appellate courts.

13. As part of my practice, I study the hourly attorney's fees rates awarded by various courts throughout the state of Florida.

14. I am presently charging $600 an hour and have been awarded $600 an hour in attorney's fees by four separate courts.

## II. TASKS PERFORMED

15. In determining what I believe to be a reasonable attorney's fees in the case at bar, I did the following:

    1. I spoke to Mr. Brian Warwick, the lead attorney for Ms. Grant's class action, and thoroughly discussed the case with both him. I also spoke briefly to his partner, Janet Varnell.

    2. I reviewed and analyzed the following documents.

        a. The Defendant's Motion to Dismiss.

        b. The Plaintiff's Response to the Motion to Dismiss.

        c. This Court's Order on the Motion to Dismiss.

        d. The Amended Complaint.

        e. The Stipulation of Settlement and Release signed by both the Plaintiff and Defendant.

        f. The Order Preliminarily Certifying the Class Action for Settlement.

        g. The Declaration of Brian Warwick.

        h. The Plaintiff's Motion for Approval of Attorney's Fees and Incentive Award and Incorporated Memorandum of Law.

        i. The time records prepared by the Varnell and Warwick law firm for the case at bar.

## III. PRELIMINARY OBSERVATIONS

### A. The $150,000 Attorney's Fees Is Fair.

The determination of what should be a reasonable attorney's fees in the case at bar is unique to class action litigation. The parties stipulated that a reasonable attorney's fees for the Varnell

3

and Warwick law firm should be $150,000. Normally when the parties stipulate to a reasonable attorney's fees that is paid by the losing party, there is no need for court intervention to make sure that the amount is reasonable, since it is an enforceable contract between the plaintiff and defendant. However, in a class action litigation pursuant to Fed. R. Civ. P. 23(h) the court is not bound by the agreement of the parties. *See Piambino v. Bailey*, 610 F. 2d 1306,1308 (5th Cir. 1980). The purpose for the independent review is to ensure that the party recovering attorney's fees is not doing so at the expense of the class. *See Strong v. BellSouth Telecommunications, Inc.*, 137 F. 3d 844, 849 (5th Cir. 1998).

In the case at bar, there should be no question that the amount of attorney's fees agreed to by the plaintiff and defendant is not at the expense of the class, since the $500,000 recovered by the class in the case at bar is the **maximum** amount permitted in class action lawsuits involving the FDCPA. *See* 15 U.S.C. 1692k(a).

> (2)(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of **$500,000** or 1 per centum of the net worth of the debt collector. (emphasis added)

B. **Based On Mr. Warwick's Expertise In Both Consumer Law And Class Action Litigation, The Fact That The Case Is Contingent And It Is A Class Action Warrants A $600 An Hour Rate.**

1. **Mr. Warwick's And Ms. Varnell's Expertise In Consumer And Class Action Litigation Warrants A Higher Than Normal Hourly Rate.**

Mr. Warwick and Ms. Varnell have special expertise in consumer law and class action litigation, which warrants an increase from the normal hourly rate. When calculating what should be a reasonable hourly rate, I will increase the normal hourly rate if I believe the attorney entitled to a fee has a special unique expertise in an area of law.

4

First, such attorney will be able to complete legal tasks in less time than an attorney who does not have the same expertise. This is especially true in class action cases where attention to detail is required.

For example, according to the time records provided to me by the Varnell & Warwick law firm, it spent about 391 hours litigating the case at bar. For illustrative purposes only, suppose the average hourly rate is $500 an hour. Based on the above facts, the amount of attorney's fees would be $195,500.[2] However, suppose another law firm without the same expertise in consumer and class action law litigated the case, but it took them almost twice as long, or 700 hours. If this Court awarded that firm its normal hourly rate for a 20-year lawyer at $350 an hour, the total fee would be $245,000.

Mr. Warwick has been handling consumer cases for over 15 years. He has been appointed either lead or co-counsel in more than 40 class action lawsuits against many Fortune 500 companies, such as AT&T, Jiffy Lube and Ocwen Loan Servicing, Inc. There can be no question that he has significant expertise in the area of both class action law and consumer law.

The **United States Supreme Court** has just accepted jurisdiction of one of Varnell and Warrick's cases, *Home Depot v. Jackson*, Case No. 17-1471.[3] The issue before the United States Supreme Court is:

> Whether an original defendant to a class-action claim can remove the class action to federal court if it otherwise satisfies the jurisdictional requirements of the Class Action Fairness Act, when the Class Action was originally asserted as a counterclaim against a co-defendant.

---

[2] In the case at bar the Varnell and Warrick law firm is only seeking $150,000, not $195,500.
[3] Unfortunately for Mr. Warwick, the United States Supreme Court oral argument is being held on January 15, 2019, but because the "Fairness Hearing" in the case at bar is being heard on January 16, 2019, Mr. Warwick cannot attend the oral argument.

Amicus Briefs have been filed against Mr. Jackson by numerous entities including the United States Chamber of Commerce and Retail Litigation Center Inc.

It is difficult to imagine attorneys more qualified to handle both consumer and class action lawsuits than the Varnell and Warwick law firm, and as a result, this should be reflected in their hourly rate.

My second reason for increasing the normal hourly rate is that an attorney with a special expertise in an area of law will see issues that other competent attorneys will not normally see. This obviously is advantageous to the client, since it will enhance the client's ability to either prevail at trial or obtain a more favorable settlement.

My ability to see attorney's fees issues that other attorneys do not see is the reason that I am hired by lawyers and law firms throughout the state of Florida, and I am able to charge a premium hourly rate for my services. The same should apply to the hourly rate for the Varnell and Warwick firm.

2. **Mr. Warwick Took This Case on A Contingency Fee Basis**

A higher than normal hourly rate is also warranted when an attorney takes a case on a contingent fee basis. If an attorney does not prevail, the attorney does not recover any attorney's fees, which could result in the loss of hundreds of thousands of dollars in legal fees.

Furthermore, there is a significant delay in payment. The case at bar was filed in 2015, but the earliest that the Varnell and Warwick law firm will be paid will be in 2019, or more than three years. Of course, this time period would have been even longer had there been any appeals or had the case not settled.

3. **Class Action Lawsuits Exponentially Increase The Risk Of An Attorney Taking The Case On A Continent Fee Basis.**

A class action significantly increases the liability for a defendant, such as Ocwen. First, instead of the damages being limited to $1,000, damages in the class action at bar increased to $500,000. *See* 15 U.S.C. 1692k(a)(2)(A)(B). Thus, prior to filing suit it was no surprise that Ocwen would hire a top-notch law firm such as Bradley Arant Boult Cummings LLP, which has nine offices nationwide and employs hundreds of attorneys. Few consumer attorneys will be willing to take such cases, since it is well known that Ocwen has the ability to challenge every component of law and appeal every legally disputed issue.

Second, because it is a class action, the Defendant will automatically have two appeals: first, whether the trial court erred in granting class certification, and the second on the merits of the case.

Third, in most cases the attorney taking the class action is required to "front" the costs to notify the class members if certification is granted, which can run into the hundreds of thousands of dollars. In the case at bar, there were 137,000 class members and settlement notice ultimately cost $195,000.[4]

Finally, unlike most cases decided under Florida law,[5] the prevailing plaintiff under federal law is not entitled to a multiplier, absent rare or exceptional circumstances. Thus, if a Florida state court awards a low hourly rate of $350 but doubles the award based on a 200% multiplier, the

---

[4] As part of the settlement, Ocwen agreed to bear the cost of notice to class members, but this was not known at the time the suit was filed.

[5] Section 559.77(5), Fla. Stat., states:

> (5) In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.

Thus, courts have calculated attorney's fees based on federal not Florida law.

effective hourly rate is $700 an hour. *See Joyce v. Federated National Insurance Company*, 228 So. 3d 1122, 1124, 1135 (Fla. 2017).

For all of the above reasons, I believe that a reasonable hourly rate should be $600 an hour.

## IV. APPLYING THE *JOHNSON V. GEORGIA HIGHWAY EXPRESS* FACTORS TO THE CASE AT BAR.

In calculating the amount of attorney's fees, I have applied the factors established by *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974).

### 1. Time and Labor Required

I have reviewed the time records of the Varnell and Warwick law firm and spoken to Mr. Warwick and Ms. Varnell about the case. The time records reveal virtually no duplicate billing, because Mr. Warwick informed me that he eliminated all time spent on emails, which he estimated to be 20% of the time billed. He informed me that at most hearings or depositions Ocwen had three attorneys present, thus I did not deduct any time when Ms. Grant had two attorneys at either a hearing or deposition. I was impressed with how little time was billed to review many of the motions and pleadings, such as only .6 hours billed to review Ocwen's Answer and Affirmative Defenses, or 1.1 hours to review Ocwen's Motion for Judgment on the Pleadings.

Normally, based on case law I would deduct for travel time, but I have a serious question whether travel time should be deducted in the case at bar. The reason is that opposing counsel agreed to allow the plaintiff's law firm to recover for travel time. Thus, my normal deduction for travel time has seemingly been waived by Ocwen.

In an abundance of caution, I have included what the hours would be if travel time were deducted, but because Ocwen agreed to allow for the travel time, I think the Court should do so as well.

**Mr. Warwick**

| Date | Location | Travel Time |
|---|---|---|
| 9/8/17 | Lady Lake to Jacksonville | 2.0 |
| 9/9/18 | Jacksonville to Lady Lake | 2.0 |
| 5/23/17 | Lady Lake to Philadelphia and back | 5.3 |
| 6/13/17 | Lady Lake to and from Tampa | 1.0[6] |
| 7/27/17 | Travel from Lady Lake to Maitland for mediation. | 1.0[7] |
| 10/16/17 | Travel from Lady Lake to Maitland for mediation. | 1.0[8] |
| Total Deduction for Travel Time for Mr. Warwick | | 12.3 hours |

| | |
|---|---|
| Hours claimed by Mr. Warwick | 212.14 |
| Travel time | -12.3 |
| Hours less travel time | 199.84 |

| | |
|---|---|
| Reasonable number of hours | 212.34 |
| Reasonable hourly rate | $600 |
| Reasonable amount of attorney's fees | $127,404 |

| | |
|---|---|
| Reasonable hours less travel time | 199.84 |
| Reasonable hourly rate | $600 |
| Reasonable amount of attorney's fees | $119,904 |

---

[6] Although the travel time was 1.5 hours each way, because Ms. Varnell was in the car with Mr. Warwick and they discussed the case, I only deducted ½ hour each way for each of them.
[7] Although the travel time was 1.5 hours each way, because Ms. Varnell was in the car with Mr. Warwick and they discussed the case, I only deducted ½ hour each way for each of them.
[8] Although the travel time was 1.5 hours each way, because Ms. Varnell was in the car with Mr. Warwick and they discussed the case, I only deducted ½ hour each way for each of them.

9

**Ms. Varnell**

| Date | Location | Travel Time |
|---|---|---|
| 6/13/17 | Lady Lake to and from Tampa | 1.0[9] |
| 7/17/17 | Lady Lake to Tampa for meeting with Figadel Counsel, which was a competing class action case. | 1.5[10] |
| 7/27/17 | Travel from Lady Lake to Maitland for mediation. | 1.0[11] |
| 10/16/17 | Travel from Lady Lake to Maitland for mediation. | 1.0[12] |
| Total Deduction for Travel Time for Ms. Varnell | | 4.5 hours |

| | |
|---|---|
| Reasonable number claimed by Ms. Varnell | 95.9 |
| Hours less travel time | - 4.5 |
| Reasonable number of hours | 91.4 |
| | |
| Reasonable number of hours | 95.9 |
| Reasonable hourly rate | $600 |
| Reasonable amount of attorney's fees | $57,540 |
| | |
| Reasonable hours less travel time | 91.4 |
| Reasonable hourly rate | $600 |
| Reasonable amount of attorney's fees less travel time | $54,900 |

---

[9] Although the travel time was 1.5 hours each way, because Ms. Varnell was in the car with Mr. Warwick and they discussed the case, I only deducted ½ hour each way for each of them.

[10] I spoke to Ms. Varnell and she told me that she met with the Figadel law firm for 2 hours so I only deducted 1.5 hours. She did not charge for the return trip.

[11] Although the travel time was 1.5 hours each way, because Ms. Varnell was in the car with Mr. Warwick and they discussed the case, I only deducted ½ hour each way for each of them.

[12] Although the travel time was 1.5 hours each way, because Ms. Varnell was in the car with Mr. Warwick and they discussed the case, I only deducted ½ hour each way for each of them.

10

### Mr. Leitz

| Date | Location | Travel Time |
|---|---|---|
| 5/23/17 | Washington to Philadelphia | 4 |

| | |
|---|---|
| Reasonable Hours claimed by Mr. Leitz | 36.9 |
| Hours deducted for travel time | 4.0 |
| Reasonable hours less travel time | 32.9 |

| | |
|---|---|
| Reasonable number of hours claimed by Mr. Leitz | 36.9 |
| Reasonable hourly rate | $600 |
| Reasonable amount of attorney's fees | $22,140 |

| | |
|---|---|
| Hours less travel time | 32.9 |
| Reasonable hourly rate | $600 |
| Reasonable amount of attorney's fees | $19,740 |

### Mr. Simmons

| | |
|---|---|
| Reasonable number of hours | 35.5 |
| Reasonable hourly rate | $350 |
| Reasonable amount of attorney's fees | $12,425 |

### Ms. Stroly

| | |
|---|---|
| Reasonable number of hours | 10.7 |
| Reasonable hourly rate | $125 |
| Reasonable amount of paralegal fees | $1,337.50 |

### 2. The Novelty and Difficulty of The Questions Of Fact And Law

The issue of whether Ocwen's notice to consumers who had previously filed for chapter 7 bankruptcy was far from clear when the suit was filed. Thus, the likelihood of not prevailing was significant.

Even if Ocwen's notice to consumers was not valid, the court in *Sellers v. Rushmore Loan Management Services, LLC*, No 3:15-CV-1106-J-32PDB ruled that it was not appropriate to permit a class action based on facts identical to the case at bar.

Thus, whether the case warranted class certification and whether Ocwen had in fact violated the FDCPA were both novel and difficult issues.

Thus, this is another reason that the hourly rate should be higher than normal

### 3. The Skill Requisite To Perform The Legal Services Properly.

The fact that Ocwen decided to settle the case for the **maximum amount** of penalty of $500,000 attests to the skill performed by the Varnell and Warwick law firm.

The legal reasoning and arguments in the documents I reviewed I thought were skillfully argued.

### 4. The Preclusion Of Other Employment By The Attorney Due To Acceptance Of The Case.

Because the Varnell and Warwick law firm consists of only three attorneys, the time spent on the case at bar precluded the firm from taking other cases.

### 5. The Customary Fee

It appears that the customary fee for class action consumer lawsuits taken on a contingency fee in federal court is $500 an hour. With all due respect, for all of the reasons stated above, I believe that the hourly rate should be $600 an hour. This is comparable to hourly rates in Florida state courts for other types of statutory attorney's fees cases. In my opinion, lawyers should not get paid more in state court than in federal court. In fact, it should be the opposite.

### 6. Whether The Fee Was Fixed Or Contingent

The case was contingent.

### 7. The Time Limitations Imposed By The Client Or The Circumstances.

I did not find this section applicable to the case at bar.

### 8. The Amount Involved And The Results Obtained.

The result obtained from both a monetary and changes of practices to the entire lending industry, were as good as possible.

### a. The amount involved

At first blush, the fact that each class member recovered a little more than $3 does not seem like very much money was involved. However, from Ocwen's point of view, it had to pay $500,000 and attorney's fees for the class action, which is a significant amount of money

### b. The result obtained was excellent.

Ocwen had to pay the **maximum** amount of damages allowed under the law, $500,000.

More importantly, because of this lawsuit, Ocwen changed the notices that it sent to consumers who had been successfully discharged from chapter 7 bankruptcy, because the notice it was sending was misleading.

However, of even greater importance, the **Consumer Protection Agency** reached the same conclusion as the arguments made by Ms. Grant in the case at bar. It enacted 12 C.F.R. 1026.41(f), which clarifies that monthly mortgage statements need not be sent to discharged debtors and that any statement that is sent must clearly disclose that **no payments are being sought,** prohibiting the type of misleading notices used by Ocwen in the case at bar. As a result, the entire lending industry, not just Ocwen, will no longer be able to send notices that mislead consumers who were successfully discharged in chapter 7 bankruptcy.

When public policy is potentially changed by a lawsuit, I have no hesitation arguing that this result should be another reason for a higher than normal hourly rate.

### 9. The experience reputation and ability of the attorneys.

13

For the reasons stated in my observations, the expertise and skill of the Varnell and Warwick law firm in consumer and class actions was extremely high and that is why an hourly rate of $600 an hour I believe is warranted.

10. **The undesirability of the case.**

The case was undesirable because of the enormous risks involved as discussed above.

11. **The nature and length of the professional relationship with the client.**

This factor is not applicable because this is the only case where Ms. Grant has been represented by Mr. Warwick.

12. **Awards in Similar Cases.**

My understanding is that in similar class actions federal courts have awarded $500 an hour.

## CONCLUSION

For the reasons stated above, I believe the $150,000 attorney's fees award agreed to by both plaintiff and defendant is too low. However, since the Varnell and Warwick firm agreed to this amount, the court should award them the $150,000.

I declare under penalty of perjury of the state of Florida that the foregoing is true and correct to the best of my knowledge, and that I could competently testify to these facts if called as a witness.

Executed in Maitland, Florida.

Dated: November 29, 2018.

*James C. Hauser* (signature)

James C. Hauser