UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIZNELIA BAEZ,

    Plaintiff,

v.                                                   Case No:   6:15-cv-1043-Orl-40TBS

LTD FINANCIAL SERVICES, L.P.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Renewed Motion for Attorneys' Fees, Costs, and Incentive Award (Doc. 173) in this class action suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(a)(3). Defendant has filed its response contesting the reasonableness of the fees and costs sought, but not contesting the incentive award (Doc. 179). Upon due consideration, I respectfully recommend that the motion be **GRANTED in part** and **DENIED in part**.

### Background

On June 25, 2015, Plaintiff filed this lawsuit alleging violations of the FDCPA (Doc. 1). The class was certified, and the case was tried to a jury in May 2017 (Docs. 106, 119). The jury returned a verdict in favor of Plaintiff and the class and final judgment was entered on June 2, 2017 (Doc. 134). In the judgment, Plaintiff was awarded $1,000.00 in statutory damages and the class recovered $49,361.29 (Id.). Counsel was directed to file any motion for attorney's fees and expenses, motion for any class representative incentive award, and any bill of costs within fourteen days of the final judgment (Id.).

Plaintiff's first motion for an award of attorneys' fees, expenses and for a class representative award was denied without prejudice (Docs. 138, 140). In her second motion, Plaintiff requested $186,450.00 in fees and $20,495.81 in costs, plus a class representative incentive award of $2,500.00 to be paid out of the statutory damages awarded to the class (Doc. 141).

On August 24, 2017, Defendant appealed the final judgment to the Eleventh Circuit Court of Appeals (Doc. 162). On January 24, 2018, the Court denied Plaintiff's second motion for attorneys' fees without prejudice, due to the pending appeal (Doc. 170). Leave was given to refile the motion after entry of any mandate by the Eleventh Circuit (Id.). On December 7, 2018, the Eleventh Circuit affirmed the judgment and the mandate was issued on January 7, 2019 (Docs. 171, 172). The instant motion and response timely followed.

## Discussion

Class counsel request an award of $253,650.00 in attorney fees and $23,042.22 in costs for a total of $276,692.00 for their time and expenses through January 19, 2019 (Doc. 173). Plaintiff seeks a class representative incentive award of $2,500.00, to be paid out of the statutory damages awarded to the class. (Id.). The motion is supported by exhibits which include time sheets from the firm of Varnell Warwick, P.A. (Doc. 173-1); the Declaration of Plaintiff's lawyer Brian W. Warwick (Doc. 173-2); the Declaration of Plaintiff's lawyer Janet R. Varnell (Doc. 173-3); the Declaration of Plaintiff's lawyer David Lietz (Doc. 173-4); two Declarations by John Yanchunis of the firm Morgan & Morgan (Docs. 173-5, 173-6); the Declaration of former state court judge James C. Hauser (Doc. 173-7); the Declaration of Ira Rhiengold, Executive Director, National Association of Consumer Advocates (Doc. 173-8); the United States Consumer Law Attorney Fee

Survey Report 2015-2016 (Doc. 173-9); a list of settled cases where courts have approved attorney's fee awards for class counsel within the past three years and a compilation of court orders in those cases (Docs. 173-11, 173-12); an Order in <u>Garner v. Frontier Communications Corporate Services, Inc.</u>, Case No. 2017-SC-12908-O, County Court for the Ninth Judicial Circuit in and for Orange County, Florida (November 13, 2018) (Doc. 173-13); and a list of costs with supporting invoices (Doc. 173-14).

<u>Attorneys' Fees</u>

The FDCPA provides for the payment of costs and reasonable attorney's fees to successful consumers.[1] As explained by the Eleventh Circuit:

> The FDCPA authorizes an award to any successful plaintiff of the costs of the action and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In interpreting this provision, we have held that Supreme Court precedent in the civil rights fee-shifting context is applicable. <u>Hollis</u>, 984 F.2d at 1161 ("Although [<u>Blum v. Stenson</u>, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)] was decided in the context of the civil rights fee-shifting statute, its principles are equally applicable here."). Under the Supreme Court's approach, we said, "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." <u>Id</u>. (quoting <u>Blum,</u> 465 U.S. at 888, 104 S.Ct. 1541). In addition, "'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community." <u>Id.</u> (quoting <u>Blum</u>, 465 U.S. at 888, 104 S.Ct. 1541). Our clear precedent thus requires a district court, when awarding attorneys' fees under the FDCPA—like under the typical fee-shifting statute—to do the following:

---

[1] The Act states:

"Except as otherwise provided in this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. §1692k(a)(3).

> ["]The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review–the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.["]

Moton v. Nathan & Nathan, P.C., 297 F. App'x 930, 931-32 (11th Cir. 2008), quoting Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir.1994); see also Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980), and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437.

The amount of time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The applicant should present records detailing the work performed. Once the party seeking fees produces adequate billing records, the opponent "has the burden of pointing out with specificity which hours should be deducted." Rynd v. Nationwide Mutual Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. Jan. 25, 2012) (quoting Centex-Rooney Const. Co., Inc. v. Martin Cnty, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999)); Norman, 836 F. 2d at 1301. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citations omitted).

"When awarding an attorney's fee, the '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of the courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" Oden v. Vilsack, No. 10-00212-KD-M, 2013 WL 4046456, at *4 (S.D. Ala., Aug. 9, 2013) (quoting Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

Plaintiff and the class were clearly successful, and Defendant does not dispute that they are entitled to an award of reasonable attorneys' fees and costs. Accordingly, I find that Plaintiff and the class have established entitlement.

Turning to the amount of fees, Plaintiff and the class claim the work of four lawyers and a paralegal as follows:

| Professional | Hours claimed | Rate | Lodestar |
|---|---|---|---|
| Brian W. Warwick, Esq. | 199.50 hours | $500 = | $99,750.00 |
| Janet R. Varnell, Esq. | 120 hours | $500 = | $60,000.00 |
| David K. Lietz, Esq. | 165.60 hours | $500 = | $82,800.00 |
| Steven Simmons, Jr., Esq. | 34.60 hours | $300 = | $10,380.00 |
| Karen Stroly, paralegal | 4.8 hours | $150 = | $720.00 |
| TOTAL | 524.50 hours | | $253,650.00 |

Defendant claims that counsel seeks an unreasonable amount of time at excessive rates. I agree.

*Amount of time reasonably billed*

Plaintiff seeks reimbursement for the services of four attorneys. Included in this group are three well qualified senior attorneys each charging $500 per hour. In addition to the 485.1 hours in partner time, a fourth attorney, assumed to be an associate, and a paralegal of unknown experience also provided services. While the motion presents a great deal of argument and support for the rates sought, it is remarkably sparse as to the reasonableness of the hours spent. The time sheets are voluminous but not terribly illuminating, and leave me with more questions than are answered by the record before me.

Counsel do not explain why, given their exceptional level of experience and qualifications, this case required the services of so many high-level attorneys. Too many cooks in a kitchen can lead to unnecessary duplication of effort and, as Defendant notes, that is evident by the numerous "confer with team" meetings claimed here. Defendant cites to the Supplemental and Corrected Declaration of Ernest H. Kohlmyer, III, a

shareholder in the Orlando firm of Urban Their & Federer, who states "in FDCPA cases, there is rarely a need for more than a single experienced attorney to prosecute cases through trial and the instant matter does not present any unique legal or factual issues that would require multiple attorneys for prosecution." (Doc. 153-1). While it is not unreasonable for Plaintiff to have more than one attorney prosecuting this class action, she has not justified the reasonableness of three or more. Consequently, I find the case was overstaffed and a reduction of time to account for this is appropriate.

Defendant has identified 31.4 hours spent by Plaintiff's counsel in conferences with one another (Doc. 179 at 9-13). While a certain amount of conferencing with co-counsel is reasonable and necessary, the total amount claimed reflects duplicative work and is not justified, especially at rates of $500 per hour. Not only does the record show numerous conferences, some of those conferences were about staffing issues, including 0.5 hours of Mr. Warwick's time and 0.5 hours of Ms. Varnell's time for meetings with each other about bringing "David into case." Once the decision to add another lawyer was made, Mr. Lietz took 0.8 hours to "draft… Motion to Appear Pro Hac Vice;" and billed 3.5 hours to "review entire case file." Internal discussions regarding the staffing of a case and time spent by a new attorney getting up to speed are not reasonably charged to Defendant, especially considering that the case was already staffed by two highly experienced partners. A reduction of **18 partner level hours** is appropriate for conferences and discussions that were duplicative or that otherwise did not advance the case.

The impact of Plaintiff's counsels' approach is seen most clearly in the preparation for and attendance at trial. At the two-day trial there were two live witnesses both of whom testified for less than one hour (Doc. 136). Ms. Varnell's involvement at trial was limited to the direct examination of Plaintiff and reading a portion of Jim Glaus's deposition

testimony. Her claim for 29 hours of time preparing for and attending trial is excessive, given this limited involvement. Mr. Lietz's participation at trial was limited to giving Plaintiff's opening statement and teaming with Ms. Varnell to read a small portion of Mr. Glaus's deposition testimony. His claim of 50.5 hours for time spent traveling to/from, preparing for, and attending the trial is also excessive. I recommend a **reduction of 50%** of these claimed hours for both attorneys (14.5 hours for Ms. Varnell, and 25 hours for Mr. Lietz), due to this limited involvement.

Defendant seeks a 53.8 hours reduction for time Plaintiffs' counsel spent traveling to and from court hearings, depositions and mediation. To the extent this time involved multiple attorneys attending the same proceeding, not all the time is shown to be compensable for the reasons stated above. Additionally, travel time for non-resident pro hac vice lawyers to travel to Orlando is not compensable, especially given the availability of other qualified lawyers within this district. "While [a party] is certainly free to choose whatever staffing arrangements it desires in litigating a case, when it seeks to visit the cost of that choice on its adversary, it is only entitled to reimbursement of *reasonable* costs." Chemische Fabrik Budenheim K G v. Bavaria Corp. Int'l, No. 6:08-cv-1182-ORL22DAB, 2010 WL 98991, at *5 (M.D. Fla. Jan. 6, 2010) (emphasis original). Now, I find 25 hours of partner time to be reasonable for necessary travel, resulting in a reduction of **28.8 hours of partner time.**

Defendant has identified 2.5 hours of partner time spent seeking extensions of deadlines. I agree that extensions sought for Plaintiff's counsel's convenience and not due to actions of Defendant are not properly charged to Defendant. **The 2.5 hours** of partner time for this task should be disallowed.

Defendant takes issue with the time Plaintiff's counsel spent preparing and filing deposition designations which the Court found both untimely and sanctionable (See Doc. 170; and Doc. 155 at 19-21). I agree that eight time entries (all partner time) related to designated deposition testimony for a total of **7.0 hours must be disallowed**.

Defendant asks the Court to disallow Mr. Warwick's claim of **2.5 hours** spent on April 27, 2017, travelling to and from Orlando to "meet with courtroom deputy to become familiar with the courtroom technology systems," arguing that this is a non-attorney task. While I agree that the time should be excised as a matter of billing judgment, I do not agree with Defendant's characterization of the time. Knowledge of how to use Court equipment that will aid in the presentation of the case to a jury is definitely an attorney task. It is however, not a task unique to this particular case. Any lawyer likely to appear before the Court is expected to know how to use the equipment, so this is more of a general education matter (like a CLE class) and should not be billed to one's adversary. The time should be disallowed.

Although not specifically identified by Defendant, I find additional entries suspect. The time sheets list services with respect to the appeal, but such fees must be sought in the appellate court, and I see no referral from the appellate court to this Court to adjudicate any petition for appellate fees that may have been filed there.[2] Absent briefing

---

[2] As noted by the Memorandum to Counsel or Parties that accompanied the Eleventh Circuit's decision affirming the final judgment: The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3 (Doc. 171 at 1). 11th Cir. Rule 39-2 provides:

> 11th Cir. R. 39-2 Attorney's Fees.
>
> (a) Time for Filing. Except as otherwise provided herein or by statute or court order, an **application for attorney's fees must be filed with the clerk within 14 days after the time to file a petition for rehearing or rehearing en banc expires, or within 14 days after entry of an order disposing of a timely petition for rehearing or denying a timely petition for rehearing en banc, whichever is later.** For purposes of this rule, the term "attorney's fees" includes fees and expenses authorized by statute, but excludes damages and costs sought pursuant to FRAP 38, costs taxed

establishing the authority of this Court to award fees for services in another court, time spent after entry of final judgment, other than that reasonably expended on the instant motion, is not compensable by this Court. According to the time sheets, all services after August 24, 2017 (the date of filing the Notice of Appeal), save for 1 hour spent reviewing this Court's Order denying without prejudice the previous motion for attorney's fees, was directly related to the appeal. I recommend **disallowance of 4.80 hours of paralegal time,[3] and 77.6 hours of partner time** for these services, **unless Plaintiff can show that the appellate claim is properly before this Court.**

With the above in mind, I find the following hours to be reasonable and recommend an award of same:

Partner time:     309.2 hours (485.1 minus deductions of 175.9 itemized above)

Associate:        34.6 hours

*Reasonable Rates*

The supporting declarations establish that the firm of Varnell & Warwick focuses almost exclusively on consumer class actions and litigation (Doc. 173-2). Mr. Warwick has been practicing for 19 years within the area of complex consumer litigation and has acted as lead counsel in numerous class actions. Ms. Varnell has been practicing for 24 years in

---

pursuant to FRAP 39, and sanctions sought pursuant to 11th Cir. R. 27-4.

   * * *

(d) Motion to Transfer. Any party who is or may be eligible for attorney's fees on appeal **may, within the time for filing an application provided by this rule, file a motion to transfer consideration of attorney's fees on appeal to the district court** or administrative agency from which the appeal was taken.

(emphasis supplied). The record does not include an application for attorney's fees or any motion to transfer that filed or granted in the appellate court.

[3] It appears that the paralegal only billed on appellate matters and was not used during the pretrial and trial phase. As such, no award is appropriate made for her time.

consumer law and has served on several prestigious consumer law committees and boards. Mr. Lietz is of counsel with the firm, has been practicing law for 27 years and has "been lead counsel in bench and jury civil trials in both state and federal courts across the country for over 25 years." (Doc. 173-4). There is no information provided as to Mr. Simmons's experience or qualifications, other than that he was employed by the firm in the earlier stages of the case (Doc. 173-2). Also absent is information with respect to Ms. Stroly. Still, as she has not performed any services in the case before this Court, I do not discuss whether her rate is reasonable.

Plaintiff argues that $500 per hour is reasonable for Mr. Warwick, Ms. Varnell and Mr. Lietz. I review this assertion in the context of the Johnson factors.

The time and labor required, the novelty and difficulty of the questions, and the skill required to perform the legal service properly are all factors that support a rate on the higher end. This was a class action, which requires a greater amount of labor than a garden variety one-party plaintiff case. Additionally, the case was vigorously litigated and tried to a jury, distinguishing it from those cases that require little motion practice before settling without a trial.

The preclusion of other employment by the attorney due to acceptance of the case is not, to my mind, a persuasive factor, as there is no showing that three partners were necessary to litigate the case. As for the customary fee and whether the fee is fixed or contingent, counsel represent that the fee was completely contingent and rely on the Consumer Law Attorney Fee Survey Report to show that the requested fee is within the range of fees found to be customarily charged by other attorneys. According to the Report, the median rate for attorneys handling class action consumer cases in Florida is $475 per hour, and the hourly rate for lawyers with 16-20 years of experience is $525. Plaintiff

argues that the median rate for consumer class action lawyers in Orlando is $500 an hour, with an average hourly rate of $467 for lawyers with 16-20 years experience and $494 for lawyers with 21-25 years of experience. The Report also finds rates below $500 an hour to be the average for similar litigation. Regardless, courts in this district have found the survey report not persuasive for purposes of determining a reasonable hourly rate. See, e.g., Raimondi v. Zakheim & Lavrar, P.A., Case No. 6:11-cv-480-Orl-31DAB, 2012 WL 1382255, at *6 (M.D. Fla. Apr. 5, 2012) (collecting cases and finding reliance on United States Consumer Law Attorney Fee Survey Report unpersuasive) report and recommendation adopted, 2012 WL 1382221 (M.D. Fla. Apr. 20, 2012).

Time limitations imposed by the client or the circumstances is a neutral factor, as is any perceived "undesirability" of the case. If anything, because the FDCPA provides for attorney's fees if a plaintiff is successful, this case was more desirable than those where there is no statutory entitlement to fees. The nature and length of the professional relationship is neutral, as this is not an established client or ongoing matter.

The amount involved and the results obtained, and the experience, reputation, and ability of the attorneys support a partner level fee on the higher end. The supporting documentation substantiates the expertise and bona fides of Mr. Warwick, Ms. Varnell and Mr. Lietz. And, while the amount recovered for Plaintiff and the class is not particularly impressive, Plaintiff and the class prevailed on all matters and the award included 1% of Defendant's net worth according to the evidence presented at trial (Doc. 133, n. 1).

Hourly rates in FDCPA cases in this district are usually well below $500 per hour. Three years ago, Judge Wilson found $250 per hour to be reasonable for well-experienced lawyers trying a FDCPA case to verdict in Tampa, but that was not a class action. Anderson v. MFP, Inc., No. 8:12-cv-1843-T-TGW (M.D. Fla. Aug. 25, 2015). More

recently, Judge Wilson found $350 an hour to be a reasonable rate for an experienced partner in a case that was decided on a default judgment. Lietz v. Oxford Law, LLC, 8:15-CV-2211-T-23TGW, 2016 WL 2897469, at *3 (M.D. Fla. Apr. 22, 2016), report and recommendation adopted, 2016 WL 2787099 (M.D. Fla. May 13, 2016). In Orlando, hourly rates of $350 have been recently approved in FDCPA cases. See Alston v. Summit Receivables, No. 6:17-CV-1723ORL31DCI, 2018 WL 3448595, at *10 (M.D. Fla. June 27, 2018), report and recommendation adopted, 2018 WL 3436789 (M.D. Fla. July 17, 2018) (collecting cases). And, District Judge Howard recently found a reasonable rate for Ms. Varnell and Mr. Warwick to be $350 an hour in an FDCPA class action settlement case in this district. Prindle v. Carrington Mortgage Services, LLC, No. 3:13-cv-1349-J-34PDB (M.D. Fla. Dec. 1, 2017).

The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). Viewed holistically, I conclude the rate of $400 per hour for the services of Mr. Warwick, Ms. Varnell and Mr. Lietz to be reasonable for successfully prosecuting this contested FDCPA class action suit through jury verdict. The increased rate reflects the nature of the work involved, which was more complex than either a settlement or a default.

As for the work of Mr. Simmons, absent any information as to his experience or qualifications, there is no support for a rate of $300 an hour. Accordingly, I have treated him as a newly minted associate or paralegal and suggest a rate of $150 an hour. See Castro v. Capital One Servs., LLC, Case No. 8:16-cv-889-T-17TGW, 2017 WL 6765246, at *3 (M.D. Fla. Dec. 15, 2017) (finding that a reasonable hourly rate for attorneys in

FDCPA and FCCPA cases ranged between $100.00 and $300.00) report and recommendation adopted, 2018 WL 276126 (M.D. Fla. Jan. 2, 2018).

Now, I recommend calculating the lodestar as follows:

Partner time:       309.2 hours x $400 = $123,680.00

Associate:          34.6 hours x $150 = $5,190.00

    TOTAL:          **$128,870.00**

Costs

Plaintiff seeks $23,042.22 "in litigation costs under 28 USCA §." (Doc. 173 at 22). It is assumed that Plaintiff is seeking reimbursement of costs under 28 U.S.C. § 1920, but her lawyers have not filed a Bill of Costs. Instead, they attached Exhibit N, which is unsworn and purports to list various expenditures, some of which are not shown to be within the scope of Section 1920.[4] While I find Plaintiff is entitled to recover costs, I recommend that she seek recovery by filing a Bill of Costs to be taxed by the Clerk in the usual course.

Incentive Award

Plaintiff also requests a class representative incentive award of $2,500.00. She proposes that this incentive award be paid out of the common fund of statutory damages ($49,361.29), before it is awarded to the class. She argues that this incentive award is reasonable given her contributions to the case. Defendant does not object.

"[C]ourts routinely approve incentive awards to "compensate plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." Allapattah Servs., Inc. v. Exxon Corp., 454 F. Supp. 2d 1185, 1218-19 (S.D.

---

[4] For example, the Exhibit lists "Appellate costs Not Reimbursed in Bill of Costs." Plaintiff filed for and recovered certain costs at the appellate level. I have no idea what this entry refers to and Plaintiff has not established that she is entitled to an award of same in this Court.

Fla. 2006) (quoting Ingram v. Coca-Cola Co., 200 F.R.D. 685, 694 (N.D. Ga. 2001)) (collecting cases); see also Palmer v. Dynamic Recovery Sols., LLC, No. 6:15-CV-59-ORL-40KRS, 2016 WL 2348704, at *9 (M.D. Fla. May 4, 2016) ("Incentive awards are also regularly approved where the plaintiff achieved substantial benefits for the class.") Ms. Baez played an important and substantial role in this action. She was an active participant, was deposed, presumably was present at mediation, and testified at trial. The amount of the award does not appear excessive or otherwise unreasonable. Absent objection, I find the circumstances warrant an incentive award to her of $2,500.00, to be paid from the statutory damages awarded to the class.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) Plaintiff's renewed motion for attorney's fees, costs and incentive award (Doc. 173) be **granted in part** and **denied in part**;

(2) The Court award attorney's fees to Plaintiff and the class in the total amount of $128,870.00;

(3) The Court direct Plaintiff and the class to file a Bill of Costs to be taxed by the Clerk; and

(4) The Court approve an incentive award of $2,500.00, to be paid to Liznelia Baez from the statutory damages awarded to the class.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 26, 2019.

      THOMAS B. SMITH
      United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties